IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Advanced Microtherm, Inc., et al., | NO. C 04-02266 JW |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART OBJECTIONS TO RECOMMENDED DISCOVERY ORDER NUMBER SEVEN** |
| Norman Wright Mechanical Equipment Corporation, et al., | |
| Defendants. | |

## I. INTRODUCTION

This case arises out of disputes between a number of corporations and individuals over various large construction projects. Plaintiffs Advanced Microtherm, Inc. ("AMT") and HVAC Sales, Inc. ("HVAC") (collectively "Plaintiffs") are California corporations in the business of, inter alia, obtaining orders for manufacturers of commercial and industrial ventilation systems. Defendants are corporations and individuals involved in the construction industry, including: other businesses that obtain orders for manufacturers of ventilation systems, landowners, construction engineering firms, construction management firms, architectural firms, and their employees. The Special Master granted the joint motion of Defendants for separate trials and to stay discovery in Recommended Discovery Order Number Seven ("RDO7"). Plaintiffs filed a timely objection to RDO7. On March 20, 2006, the Court held a hearing on Plaintiffs' objections. Based on the arguments of the parties in the papers and at the hearing, the Court GRANTS IN PART and

1  DENIES IN PART Plaintiffs' objections to RDO7, and in so doing GRANTS IN PART and
2  DENIES IN PART Defendants' motion for separate trials and to stay discovery.

## II.  BACKGROUND

In the interest of brevity, the Court refrains from reciting the entire lengthy factual background of this case already set forth in the Court's prior orders. (See, e.g., Order Denying Defendant NSW's Motion to Dismiss Plaintiffs' First, Second, Third, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action; Granting NSW's Motion to Dismiss Plaintiffs' Fourth Cause of Action; Denying NSW's Motion for a More Definite Statement; and Denying NSW's Motion to Strike Certain Portions of Plaintiffs' Complaint (Docket Item No. 28).)  The causes of action in the TAC arise out of Plaintiffs' allegations that Defendants engaged in a massive anti-competitive scheme involving a large number of products over a large number of construction projects.  In pleading one of many examples of Defendant's alleged wrongdoing, Plaintiffs list sixteen products in Table 1 and twenty-one products in Table 2, and allege that Defendant NSW was able to "control sales and . . . able to dictate pricing of the aforementioned goods to customers and tie the sale of separate products in 'Table 1' together, as well as, tie the sale of products identified in 'Table 2' to those identified in 'Table 1.'" (TAC ¶ 50).  Plaintiffs allege unlawful anti-competitive conduct also occurred with respect to the thirty-four "other construction projects" listed at Table 3 (TAC ¶ 55).

The Special Master issued RDO7 granting Defendants' motion for a separate trial limited to five construction projects, and staying discovery outside the scope of those five construction projects.  Plaintiffs timely objected to the Special Master's findings in RDO7.

## III.  STANDARDS

Federal Rule of Civil Procedure 42(b) permits a court "in the furtherance of convenience or to avoid prejudice," to "order a separate trial of any claim, cross-claim, counterclaim, or third-party claim or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims or issues." The limitation on a court's discretion to order separate trials is the "right of trial

by jury as declared by the Seventh Amendment to the Constitution or as given by a statute." Rule 42(b). Ordering separate trials is, in effect, the "flip side" of consolidation. See De Anda v. City of Long Beach, 7 F.3d 1418, 1421 (9th Cir. 1993). Unlike separate trials ordered under Rule 21, separation of issues under Rule 42 does not result in separate judgments for each issue tried separately. See Vann v. Citicorp Sav. of Ill., 891 F.2d 1507, 1511 (11th Cir. 1991).

## IV.  DISCUSSION

### A.  Standard of Review

Generally, discovery orders by the Special Master are non-dispositive and are reviewed by this Court under a "clearly erroneous" or "abuse of discretion" standard pursuant to the Court's Order Appointing Special Master (Docket Item No. 116). RDO7 differs from the ordinary discovery order because it requires Plaintiffs to select only five projects and to proceed to trial with only these five projects, staying discovery and trial on the allegedly thousands of remaining projects. Other courts have held that motions that "are critical in shaping the nature of litigation are generally considered 'dispositive.'" See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001); Kiep v. Turner, 80 B.R. 521, 523-24 (D. Haw. 1987). The Court finds that the issues raised in RDO7 render it "functionally" similar to a dispositive order. See Victoria's Secret Stores v. Artco Equip. Co., 194 F. Supp. 2d 704, 714 (S.D. Ohio 2002). Accordingly, the Court reviews RDO7 de novo.

### B.  Separate Trials

In determining whether separate trials are proper under Rule 42(b), a court may consider the interests of convenience, judicial economy, and reducing risk of confusion, whether separate trials would prejudice any party, and whether the issues are clearly separable. Matter of Rhone-Poulenc Rorer Inc., 51 F.3d 1293, 1303 (7th Cir. 1995). Although antitrust cases generally tend to be complex, the present case is unusual in that it alleges a scheme involving a large number of customized products used in a large number of construction projects. Thus, unlike the ordinary situation where a scheme involves a single product or perhaps a small number of tied products, this case involves significantly more variables. Focusing the litigation would be more convenient for the

3

parties and for the Court, and greatly reduce the risk of jury confusion. Providing that the contours of the separate trials are properly delineated, the Court does not foresee that prejudice would occur to either party. At this point, the Court makes a preliminary finding that separate trials are appropriate in this case, but finds that a final decision on the contours of the Rule 42(b) separation would be premature.

## V.  CONCLUSION

Based on the Court's preliminary finding that a separate trial pursuant to Rule 42(b) would be appropriate, the Court GRANTS IN PART Plaintiffs' objections to RDO7 and modifies RDO7 by permitting discovery on only those products and projects contained in Tables 1, 2, and 3 of the Third Amended Complaint at paragraphs 50 and 55 ("Stage 1 Discovery"). Stage 1 Discovery on this limited scope will be open through Tuesday, April 11, 2006. Following Stage 1 Discovery, Plaintiffs shall identify five projects on which to proceed to a Rule 42(b) separate trial. Plaintiffs shall submit these five projects to the Special Master on or before May 15, 2006. The Special Master will revisit the propriety of separate trials under Rule 42(b) based on these five identified projects and issue a recommendation to this Court.

Dated: March 23, 2006          /s/ James Ware
04cv2266RDO7                    JAMES WARE
                                United States District Judge

4

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Bruce H. Winkelman bwinkelman@Craig-Winkelman.com
2  Christopher T. Coco ccoco@provostumphrey.com
David B. Abramowitz dabramowitz@lordbissell.com
3  Dennis P. Fitzsimons dfitzsimons@bjg.com
Janette George Leonidou jleonidou@alr-law.com
4  Jeffrey G. Nevin jgnevin@freitaslaw.com
Jesse Thomas Rhodes trhodesiii@aol.com
5  John Morwick Ross jross@cwclaw.com
John T. Williams jwilliams@lordbissell.com
6  Kenneth Lawrence Mahaffey kmahaffey@pecklaw.com
Lisa Dritsas Wright lwright@alr-law.com
7  Maria Giardina maria.giardina@sdma.com
Maureen Ellen McTague mem@severson.com
8  Merrit Jones mjones@cwclaw.com
Michael Bernard Murphy mbm@severson.com
9  Michael F. Tubach mtubach@omm.com
Paul Bartlett pbjatp@swbell.net
10 Paul B. Lahaderne paul.lahaderne@sdma.com
Peter Michael Hart p.hart@wrightrobinson.com
11 Pruett Moore pmooreiii@sbcglobal.net
Raymond Marion Buddie rbuddie@pecklaw.com
12 Sloan C. Bailey sbailey@alr-law.com
Steven Ellis Conigliaro sconigliaro@omm.com
13 Stuart E. Jones sjones@wrightrobinson.com
Thomas C. Tagliarini tagliarinilaw@aol.com
14 Tommy L Yeates tyeates@moorelandrey.com
Zane D Negrych zanenegrych@sbcglobal.net
15

16 George F. Salamy                                  Duane E. Clapp
   Clapp Moroney Bellagamva & Vucinich              Clapp Moroney Bellagamva & Vucinich
   15 Southgate Avenue, Suite 200                   15 Southgate Avenue, Suite 200
17 Daly City, CA 94015                              Daly City, CA 94015

18 William McGahan                                  George Berris, Esq.,
   F.W. Spencer & Son Inc                           471 Galen Drive
19 99 South Hill Drive                              San Jose, CA 95123
   Brisbane, Ca 94005
20
   Thomas HR Denver
21 Mediation Masters
   96 N. Third St., Suite 300
22 San Jose, CA 95112

23
   **Dated: March 23, 2006**                       **Richard W. Wieking, Clerk**
24

25                                                 **By:_/s/ JW Chambers_____**
                                                   **Melissa Peralta**
26                                                 **Courtroom Deputy**

27

28                                       5