United States District Court
For the Northern District of California

1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9           SAN JOSE DIVISION

10

11   Advanced Microtherm, Inc., et al.,            NO. C 04-02266 JW

12        Plaintiffs,

13        v.                                        **ORDER GRANTING IN PART AND
                                                    DENYING IN PART OBJECTIONS TO
14   Norman Wright Mechanical Equipment             RECOMMENDED DISCOVERY ORDER
     Corporation, et al.,                           NUMBER TEN**

15

16        Defendants.

17   _____/
                                              I.  INTRODUCTION

18        This case arises out of disputes between a number of corporations and individuals over

19   various large construction projects.  Plaintiffs Advanced Microtherm, Inc. ("AMT") and HVAC

20   Sales, Inc. ("HVAC") (collectively "Plaintiffs") are California corporations in the business of, inter

21   alia, obtaining orders for manufacturers of commercial and industrial ventilation systems.

22   Defendants are corporations and individuals involved in the construction industry, including: other

23   businesses that obtain orders for manufacturers of ventilation systems, landowners, construction

24   engineering firms, construction management firms, architectural firms, and their employees.  In

25   Recommended Discovery Order Number Ten ("RDO10"), the Special Master granted the motion to

26   dismiss filed by Defendant Phoenix Controls Corporation ("Phoenix").  On April 24, 2006, the Court

27   held a hearing on Plaintiffs' objections.  Based on the arguments of the parties in the papers and at

28   the hearing, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' objections to RDO10.

## II. BACKGROUND

In the interest of brevity, the Court refrains from reciting the entire factual background of this case already set forth in the Court's prior orders.  (See, e.g., Order Denying Defendant NSW's Motion to Dismiss Plaintiffs' First, Second, Third, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action; Granting NSW's Motion to Dismiss Plaintiffs' Fourth Cause of Action; Denying NSW's Motion for a More Definite Statement; and Denying NSW's Motion to Strike Certain Portions of Plaintiffs' Complaint (Docket Item No. 28).)

The original complaint in this matter was filed in state court in April 2002.  Plaintiffs amended the original complaint and filed the First Amended Complaint in January 2003.  In February 2003, Plaintiffs amended the First Amended Complaint and filed the Second Amended Complaint ("SAC").  The matter was removed to this Court in June of 2004.  In September of 2004, the Court dismissed Plaintiffs' Fourth Cause of Action in the SAC ("September 2004 Order"), but stated that "Plaintiffs are free to add a claim under the Federal False Claims Act, if they believe that the facts support such a claim."  (September 2004 Order, Docket Item No. 28, at 15.)  Plaintiffs sought additional time in which to file the Third Amended Complaint ("TAC") pursuant to the September 2004 Order.  This Court granted Plaintiffs additional time.  Plaintiffs then filed an ex parte application to further amend their complaint.  The Court denied the ex parte application in October 2004, and stated that if Plaintiffs wished to amend their TAC, Plaintiffs should either file a stipulation or a proper motion for leave to amend.  (Order Denying Plaintiffs' Ex Parte Motion to Amend Complaint, Docket Item No. 40.)  Plaintiffs filed the TAC on October 22, 2004 amending the Fourth Cause of Action, and adding Phoenix as a Defendant.

In April of 2005, the Court notified the parties of its intent to appoint a Special Master with the authority to resolve discovery disputes and to hear certain pretrial motions.  The parties did not object to the proposed appointment, and the Court appointed a Special Master on May 25, 2005.

On October 31, 2005, Plaintiffs filed a motion for leave to file a Fourth Amended Complaint purportedly clarifying its allegations against Defendants, including Phoenix.  In Recommended

United States District Court

For the Northern District of California

1  Discovery Order Number Six ("RDO6"), the Special Master denied Plaintiffs' Motion for Leave to

2  Amend the TAC based on undue delay, bad faith, failure to cure deficiencies, undue prejudice to the

3  opposing party, and futility of the amendment.  (RDO6 at 3.)  The Court upheld the

4  recommendations of the Special Master as "neither erroneous nor contrary to law."  (Docket Item

5  No. 174.)

6       On March 9, 2006, the Special Master issued RDO10 granting Phoenix's Motion to Dismiss.

7  Plaintiffs filed an objection to RDO10 on March 27, 2006.

8                              III.  STANDARDS

9  **A.     Failure to Comply**

10      Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure of the

11  plaintiff to comply with any order of the court.  Fed. R. Civ. P. 41(b); Ferdik v. Bonzelet, 963 F.2d

12  1258, 1260 (9th Cir. 1992).  "Dismissal under Rule 41(b) is a sanction, to be imposed only in

13  'extreme circumstances.'"  Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004)

14  (quoting Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996)).  In determining

15  whether a dismissal is warranted, the court must weigh five factors: "(1) the public's interest in

16  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

17  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

18  (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting Thompson v.

19  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

20  **B.     Untimely Service**

21      Fed. R. Civ. P. 4(m) requires that service be made upon a defendant within 120 days of filing

22  of the complaint, unless the deadline is extended by the court.  If the complaint is not timely served,

23  the court has authority to dismiss the action as to that defendant.  Such a dismissal is ordinarily

24  without prejudice, and "[i]f the case is dismissed and filed anew, the fresh suit must satisfy the

25  statute of limitations."  William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal

26  Civil Procedure Before Trial  § 5:254-55 (2004).  A court may also dismiss a complaint for defects

27

28                              3

1    in the manner of service under Rule 12(b)(5).  See id. at § 5:338.

2    **C.      Failure to State a Claim**

3            Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which

4    relief can be granted.  FED. R. CIV. P. 12(b)(6).  A claim may be dismissed as a matter of law for one

5    of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable

6    legal theory."  Robertson v. Dean Witter Reynolds, Co., 749 F.2d 530, 534 (9th Cir. 1984).  "A

7    complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

8    plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley

9    v. Gibson, 355 U.S. 41, 45-46 (1957).  The court "must presume all factual allegations of the

10   complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v.

11   City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  In determining the propriety of a Rule

12   12(b)(6) dismissal, a court may not look beyond the complaint.  Schneider v. California Dept. of

13   Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998).

14   **D.      Redundant, Immaterial, Impertinent or Scandalous Matter**

15           Federal Rule of Civil Procedure 12(f) allows the court, upon motion by either party or on its

16   own initiative, strike from any pleading "any redundant, immaterial, impertinent or scandalous

17   matter."  The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious

18   issues.  See Fantasy, Inc v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds,

19   510 U.S. 517 (1994).  Immaterial matter is defined as matter that "has no essential or important

20   relationship to the claim for relief or the defenses being pleaded."  Id.  Impertinent matter is defined

21   as "statements that do not pertain, and are not necessary, to the issues in question."  Id.  Scandalous

22   matter is defined as matter that reflects negatively or "cruelly" on a person's moral character."  5C

23   Wright & Miller, Federal Practice and Procedure, Civ. 3d § 1382 (2004).

24

25

26

27

28                                                    4

United States District Court
For the Northern District of California

IV.  DISCUSSION

**A.      Timeliness of Plaintiffs' Objection and Standard of Review**

The Court appointed the Special Master in this case under the terms of the Court's April 20, 2005 Notice of Intent to Appoint Special Master ("April Notice").  (Docket Item Nos. 108, 116.)  In the April Notice, the Court provided:

> The parties shall have ten (10) days from the date an interim report or recommendation is filed to file any objections. Any party opposing the objection(s) shall file an opposition within ten (10) days after the objection is filed. If no objection is filed, the Special Master's report or recommendation shall become a binding Order of this Court and the parties shall comply with the Order.

(April Notice at 3:10-14.)  RDO10 is dated March 9, 2006 and also reiterates that "the parties have ten days from the date of this recommended order to file any objection."  Plaintiffs' objections to RDO10 are dated March 27, 2006, eighteen days after the filing of RDO10.  Under Rule 6(a), "if the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."  Assuming Rule 6(a) applies, as Plaintiffs urge, March 11, 12, 18, 19, 25, and 26 are not counted.  Also under Rule 6(a), March 9th itself is not counted, but March 27th is counted, so the number of days counted which elapsed between March 9, 2006 and March 27, 2006 becomes twelve.

Plaintiffs argue that the two days by which they have exceeded the ten-day deadline are excused by the terms of Rule 6(e).  Rule 6(e) permits an additional three days for service by mail "whenever a party must act or may act within a prescribed period after service."  In this case, the April Notice and the terms of RDO10 both indicate that the ten-day period was triggered by the date of the order itself, and not service.  Because Rule 6(e), by its terms, does not apply unless the period to be calculated is triggered by the date of service, Plaintiffs objections are untimely.

Plaintiffs have not provided any reasons for this Court to excuse their untimely objection to RDO10.  Although district courts are not under a mandatory obligation to review the orders of a magistrate de novo when objections are untimely and unexcused, this Court will review the objections to RDO10 "to the extent that it deems appropriate, giving consideration to the objections

United States District Court

For the Northern District of California

1   insofar as they may focus on issues worthy of particular examination." <u>Webb v. Califano</u>, 468 F.

2   Supp. 825, 831 (D.C. Cal. 1979).

3   **B.**     **California State Claims**

4         Under California law, a plaintiff who names a Doe defendant in his complaint and alleges

5   that the defendant's true name is unknown has three years from the commencement of the action in

6   which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to

7   effect service of the complaint.  <u>Lindley v. General Elec. Co.</u>, 780 F.2d 797, 799 (9th Cir. 1986).

8         Plaintiffs filed the original complaint in state court on April 30, 2002 naming Doe

9   defendants.  Phoenix was served with the TAC on July 8, 2005, over three years later.  Section

10   583.240 of the California Code of Civil Procedure lists the exclusive conditions that will toll the

11   three-year service period.  The two conditions which appear to be invoked by Plaintiffs are: (1) "the

12   prosecution of the action or proceedings in the action was stayed and the stay affected service," and

13   (2) "service, for any other reason, was impossible, impracticable, or futile due to causes beyond the

14   plaintiff's control."  As to the former condition, Plaintiffs have not directed this Court to any order

15   staying the action.

16         As to the latter condition, Plaintiffs argue that their delay in service is excused because the

17   Fourth Cause of Action alleged a violation of the False Claims Act, and as such was required to be

18   filed under seal.  California Government Code § 12652(c)(2) states: "A complaint filed by a private

19   person under this subdivision [False Claims Act] shall be filed in the superior court in camera and

20   may remain under seal for up to 60 days.  No service shall be made until after the complaint is

21   unsealed."  The seal in this case was lifted in June of 2004.  However, Plaintiffs have made an

22   insufficient showing that service was "impossible, impracticable, or futile."  In fact, Plaintiffs were

23   still able to serve a redacted version of the complaint on the other Defendants.

24         Because Plaintiffs have not met the conditions of § 474, the Court may not permit Plaintiffs

25   to name Phoenix as Doe 1.  The California state claims against Phoenix are thus dismissed.

26

27

28                                  6

**United States District Court**
For the Northern District of California

**C.     Federal Claims**

      1.     <u>Untimely Service</u>

Rule 4(m) requires that service of process be made within 120 days of the filing of a pleading.  Rule 4(m) permits the Court to grant an extension of time for service.  <u>Mann v. American Airlines</u>, 324 F.3d 1088, 1090 (9th Cir. 2003).  The Court extended the deadline for service of the TAC to March 14, 2005 in its Order Scheduling Further Case Management Conference (hereinafter "March 1 Order," Docket Item No. 61, 1:20-22): "Plaintiffs shall serve copies of this Order and the Third Amended Complaint (with the appropriate sections regarding Plaintiffs' qui tam cause(s) of action redacted) upon all Defendants --including those hitherto unserved--on or before Monday, March 14, 2005."  Plaintiffs did not serve the TAC on Phoenix until July 8, 2005.

Plaintiffs argue that the March 1 Order does not apply to Phoenix.  The plain language of the Court's March 1 Order requires service "upon all Defendants --including those hitherto unserved." Plaintiffs do not point to an order of the Court setting a different deadline from the one in the March 1 Order, nor to they provide a declaration or affidavit that this Court extended the deadline beyond March 14, 2005.  Since Plaintiffs have not met the extended deadline as set by the Court, and have not provided a satisfactory reason why they failed to do so, the Court dismisses the TAC as to Phoenix without prejudice pursuant to Rule 4(m).

      2.     <u>Motion to Strike</u>

In the September 2004 Order, this Court only granted Plaintiffs leave to amend the SAC in order to add a claim.  Indeed, when Plaintiffs requested leave to further amend the SAC, this Court denied the ex parte request stating: "Plaintiffs' Third Amended Complaint, which shall contain an amended cause of action under the California False Claims Act and may contain a cause of action under the Federal False Claims Act, is still due on or before October 22, 2004. If Plaintiffs wish to amend their complaint further, they should seek stipulation from Defendants or notice a motion to amend their complaint in standard fashion." (Order Denying Plaintiffs' Ex Parte Motion to Amend Complaint, Docket Item No. 40.)

1    Generally, an amendment which does not conform to Rule 15(a) is "without legal effect and

2    any new matter it contains will not be considered unless the amendment is re-submitted for the

3    court's approval."  See 6 Wright & Miller, Federal Practice and Procedure, Civ. 2d § 1484 at 601 (2d

4    ed. 1990).  Some courts have held that a court has discretion to consider pleadings amended in

5    violation of Rule 15(a) if leave to amend would have been granted and when it does not appear that

6    any of the parties will be prejudiced by allowing the change.  See id.  In this case, even if leave

7    would have been granted to add Phoenix when Plaintiffs filed the TAC, the TAC still would be

8    dismissed as to Phoenix under Rule 4(m).  Thus, this Court will not examine whether leave to amend

9    would have been granted at the time Plaintiffs filed the TAC.  Plaintiffs' allegations against Phoenix

10    are stricken from the Complaint as immaterial and impertinent.  Should Plaintiffs wish to add

11    Phoenix as a Defendant in this case, it must make a proper motion for leave to amend the TAC.

12        3.    Rule 41(b) Dismissal

13    The Special Master dismissed Phoenix from the case with prejudice for repeated failures to

14    comply with the Court's orders.  Dismissal with prejudice under Rule 41(b) for failure to abide by

15    the Court's orders is a sanction to be imposed only in "extreme circumstances."  Ferdik v. Bonzelet,

16    963 F.2d 1258, 1260 (9th Cir. 1992).  It is perhaps a close question, given Plaintiffs' repeated

17    difficulty in complying with this Court's deadlines and orders, but the Court declines to dismiss

18    Plaintiffs' claims with prejudice under Rule 41(b) at this time.  The Court reminds the parties that

19    should further failure to comply with deadlines and orders warrant a Rule 41(b) dismissal, the Court

20    is unlikely to have much hesitation in dismissing the case with prejudice.

21    V.  CONCLUSION

22    For the reasons stated above, Plaintiffs' objections to RDO10 are GRANTED IN PART  and

23    DENIED IN PART.  Plaintiffs' claims against Phoenix under California state law are dismissed with

24    prejudice.  Plaintiffs' claims against Phoenix under federal law are dismissed without prejudice.  The

25    Court strikes Plaintiffs' allegations against Phoenix from the TAC.  Should Plaintiffs wish to pursue

26

27

28                                                            8

claims under federal law against Phoenix, Plaintiffs shall file and serve a motion for leave to amend their complaint to add Phoenix as a Defendant by June 19, 2006.

Dated: May 30, 2006

04cv2266RDO10

/s/ James Ware
JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

9

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bruce H. Winkelman bwinkelman@Craig-Winkelman.com
Christopher T. Coco ccoco@provostumphrey.com
David B. Abramowitz dabramowitz@lordbissell.com
Dennis P. Fitzsimons dfitzsimons@bjg.com
Janette George Leonidou jleonidou@alr-law.com
Jeffrey G. Nevin jgnevin@freitaslaw.com
Jesse Thomas Rhodes trhodesiii@aol.com
John Morwick Ross jross@cwclaw.com
John T. Williams jwilliams@lordbissell.com
Kenneth Lawrence Mahaffey kmahaffey@pecklaw.com
Lisa Dritsas Wright lwright@alr-law.com
Maria Giardina maria.giardina@sdma.com
Maureen Ellen McTague mem@severson.com
Merrit Jones mjones@cwclaw.com
Michael Bernard Murphy mbm@severson.com
Michael F. Tubach mtubach@omm.com
Paul Bartlett pbjatp@swbell.net
Paul B. Lahaderne paul.lahaderne@sdma.com
Peter Michael Hart p.hart@wrightrobinson.com
Pruett Moore pmooreiii@sbcglobal.net
Raymond Marion Buddie rbuddie@pecklaw.com
Sloan C. Bailey sbailey@alr-law.com
Steven Ellis Conigliaro sconigliaro@omm.com
Stuart E. Jones sjones@wrightrobinson.com
Thomas C. Tagliarini tagliarinilaw@aol.com
Tommy L Yeates tyeates@moorelandrey.com
Zane D Negrych zanenegrych@sbcglobal.net

George F. Salamy                          Duane E. Clapp
Clapp Moroney Bellagamva & Vucinich       Clapp Moroney Bellagamva & Vucinich
15 Southgate Avenue, Suite 200            15 Southgate Avenue, Suite 200
Daly City, CA 94015                       Daly City, CA 94015

William McGahan                           George Berris, Esq.,
F.W. Spencer & Son Inc                    471 Galen Drive
99 South Hill Drive                       San Jose, CA 95123
Brisbane, Ca 94005

Thomas HR Denver
Mediation Masters
96 N. Third St., Suite 300
San Jose, CA 95112

**Dated: May 30, 2006**                   **Richard W. Wieking, Clerk**


                                          **By:_/s/ JW Chambers_____**
                                              **Melissa Peralta**
                                              **Courtroom Deputy**

10