1  LEONIDOU & ROSIN
   Professional Corporation
2  Janette G. Leonidou (No. 155257)
   Lisa D. Wright (No. 197577)
3  5 Thomas Mellon Circle, Suite 205
   San Francisco, CA 94134
4  Telephone: (415) 715-2860

5  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   Paul B. Lahaderne (No. 53938)
6  Matthew A. Fischer (No. 191451)
   Maria J. Giardina (No. 104455)
7  One Embarcadero Center, 16th Floor
   San Francisco, California 94111-3628
8  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
9
   Attorneys for Defendant and Cross-Complainant
10 NORMAN WRIGHT MECHANICAL EQUIPMENT
   CORPORATION

11

12                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
13                          SAN JOSE DIVISION

14

| | |
|---|---|
| 15  ADVANCED MICROTHERM, INC.;<br>    HVAC SALES, INC., | CASE NO. 04-CV-02266-JW |
| 16 | [PROPOSED] STIPULATED |
|         Plaintiffs, | PROTECTIVE ORDER |
| 17 | |
|         v. | |
| 18 | |
|     NORMAN WRIGHT MECHANICAL | |
| 19  EQUIPMENT CORPORATION; THE | |
|     REGENTS OF THE UNIVERSITY OF | |
| 20  CALIFORNIA; OVE ARUP & | |
|     PARTNERS USA; OVE ARUP & | |
| 21  PARTNERS CALIFORNIA LTD., | |
|     TEMPCO, INC., AFFILIATED | |
| 22  ENGINEERS W, INC.; AMEC, INC.; | |
|     GEORGE SPEIGHTS; AIR | |
| 23  CONDITIONING COMPANY, INC.; | |
|     INNOTEC, INC.; PRICE INDUSTRIES, | |
| 24  INC.; AND DOES 1 - 500, | |
| 25      Defendants. | |
| 26 | |
|     AND RELATED CROSS-CLAIMS | |
| 27 | |
| 28 | |

1. **PURPOSES AND LIMITATIONS**

   Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures from the court to file material under seal.

2. **DEFINITIONS**

   2.1 **Party**: Any party to this action, including all of its officers, directors, employees, consultants, retained experts.

   2.2 **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3 **"Confidential" Information or Items**: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.26(c).

   2.4 **"Highly Confidential – Attorneys' Eyes Only" Information or Items**: Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

   2.5 **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

    **2.6**    **Producing Party**: A Party or non-party that produces Disclosure or Discovery Material in this action.

    **2.7**    **Designating Party**: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential–Attorneys' Eyes Only".

    **2.8**    **Protected Material**: Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential–Attorneys' Eyes Only".

    **2.9**    **Outside Counsel**: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    **2.10**    **House Counsel**: Attorneys who are employees of a Party.

    **2.11**    **Counsel (without qualifier)**: Outside Counsel and House Counsel (as well as their support staffs). Counsel shall be bound by the terms of this protective order.

    **2.12**    **Expert**: A person with a specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a Party or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to be come an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    (a) For good cause shown, a party may apply to the Special Master (all references herein to "Special Master" shall apply equally to the Court if a Special Master is no longer assigned to this case) to have a past, present or prospective employee of a party or competitor deemed to be an "expert" for purpose of this Protective Order. Any party who wishes to object to the application for the designation of an expert under this subsection, must do so within five (5) business days of service of the application. The Special Master will either hold an informal hearing to resolve the matter, or request further briefing from the parties and hold a formal hearing.

    (b) In the event of an objection under subsection (a) above, no "Highly Confidential-Attorneys' Eyes Only" information shall be disclosed to any person proposed as an expert unless

1  and until the Special Master issues a written order approving the proposed expert.

2  (c) All parties agree that no party will be allowed to retain, contact or depose as a fact or expert witness, any "Expert" or "consultant" identified under paragraph 2.12 by another party who is not listed as an expert or fact witness by the identifying party in the Pre-Trial Order or called to testify at trial, unless given prior written authorization by the identifying party or by order of the Special Master or the Court.

(d) Any party seeking to challenge an Order of the Special Master under this paragraph shall have ten (10) days from service of the Order to file an appeal.

**2.13    Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Exercise of Restraint and Care in Designating Material for Protection**: Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2** **Manner and Timing of Designation**: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)** **for information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copies and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualified for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being

asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY").

    **(b)**  **for testimony given in deposition or in other pretrial or trial proceedings,** that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

    Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

    **(c)**  **for information produced in some form other than documentary, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential-Attorneys' Eyes Only".

    **5.3**  **Inadvertent Failures to Designate**. If timely corrected, and inadvertent failure to designate qualified information or items as "Confidential" or Highly Confidential-Attorneys'

Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1** **Timing of Challenges**: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2** **Meet and Confer**: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue) followed by written communication with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party and opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3** **Judicial Intervention**. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve an application with the Special Master that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the moving party has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Special Master rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1  **Basic Principles**: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, and will be stored in location consistent with the purposes of this Order, not including the offices of any party. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2  **Disclosure of "CONFIDENTIAL" Information or Items**: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)  the Receiving Part's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)  the Court and its personnel;

   (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. If a deposition in which "Confidential" documents or information is videotaped, the videotape of the deposition shall be labeled "Confidential" and the videotape may not be disclosed to anyone, except as permitted under this Protective Order;

   (g) the author of the document or the original source of the information;

   (h) liability insurers for any Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

  **7.3** **Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

   (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. All material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is not to be stored in any area where individuals not party to this protective order would have unfettered access to the documents or information.

   [(b) - *Optional –as deemed appropriate in case-specific circumstances*: House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving _____ [specify subject matter areas], (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the

1  "Agreement to Be Bound by Protective Order" (Exhibit A)];

2              (c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably
3  necessary for this litigation or, (2) in the case of a past, present or prospective employee of a
4  party or competitor of a party who has been deemed to be an expert by an Order under paragraph
5  2.12(a) and (3) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).
6  In all cases, the timing of any disclosure of "Highly Confidential-Attorneys' Eyes Only"
7  information to an expert shall comply with paragraph 12.4;

8              (d)     the Court and its personnel;

9              (e)     court reporters, their staffs, and professional vendors to whom disclosure
10 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
11 Protective Order" (Exhibit A); and

12             (f)     the author of the document or the original source of the information.

13             (g)     Absent consent of the designating party, "Highly Confidential-
14 Attorneys' Eyes Only" documents and information may be used at deposition only with a
15 deponent who is an employee of the designating party and/or an author or recipient of the
16 document. Prior to disclosure of "Highly Confidential-Attorneys' Eyes Only" documents and
17 information to the deponent, the deponent must execute the "Acknowledgment and Agreement to
18 Be Bound" that is attached as Exhibit "A." Only authorized recipients, as specified in this
19 Paragraph 7.3, may attend those portions of the deposition during which "Highly Confidential-
20 Attorneys' Eyes Only" documents or information is the subject of questioning or
21 testimony. (Notwithstanding, the parties do not waive and reserve their respective rights to
22 object to the presence at deposition of authorized recipients on other grounds, where applicable).
23 Pages of the transcribed deposition testimony and/or exhibits to depositions that reveal "Highly
24 Confidential-Attorneys' Eyes Only" documents or information must be separately bound by the
25 Court reporter and may not be disclosed to anyone except as permitted under this Protective
26 Order. If a deposition in which "Highly Confidential-Attorneys' Eyes Only" documents or
27 information is videotaped, the videotape of the deposition shall be labeled "Highly Confidential--
28 Attorneys' Eyes Only" and the videotape may not be disclosed to anyone, except as permitted

under this Protective Order.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. All Protected Material stored in the form of computer files, including all abstracts and summaries, shall be deleted. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contained Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

   12.1 **Right to Further Relief**: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   12.2 **Right to Assert Other Objections**: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground no addressed in this Stipulated Protective Order. Similarly,

1 no Party waives any right to object on any ground to use in evidence of any of the material
2 covered by this Protective Order.

3     **12.3**    <u>Notices</u>: All Notices required to be served under the terms of this Order shall be
4 served via Federal Express or other means of overnight delivery.

5     **12.4**    <u>Notice to Non-Parties Whose Privacy Rights are Implicated</u>: In the event that
6 a party is requested to produce documents or information which requires disclosure of the
7 confidential information of a non-party to this litigation, the party requested to produce the
8 documents or information must serve notice on all parties and the non-party informing the non-
9 party that it has 15 court days from receipt of notice to file an appropriate pleading **with the**
10 **Special Master** to protect the requested confidential information and/or documents. The notice
11 must include a detailed identification of the information or documents sought and must be served
12 on all parties and the non-party within 10 court days of the receipt of the discovery request. As
13 to pending discovery requests, the documents or information which require disclosure of
14 confidential information of a non-party, the notice must be served within 20 court days of service
15 of the signed Protective Order or, if the pending discovery requests are subject of a pending
16 discovery motion, within 20 court days of service of the applicable discovery order. The filing of
17 an objection by a non-party tolls the time for which the responding party has to respond to the
18 discovery request only as to the information and/or documents which are put at issue by the
19 objection. The non-party filing the objection must seek leave from the **Special Master** to hear
20 the motion on shortened time. If the application for leave to hear the motion on shortened time is
21 denied, the motion shall be heard on regular notice, and the time for which the responding party
22 has to respond to the discovery request as to the information and/or documents which are put at
23 issue by the objection shall be tolled accordingly.

24     **12.5**    <u>Watermarking of "HIGHLY CONFIDENTIAL" Documents</u>: Any party, at
25 its own expense, may "watermark" documents designated "HIGHLY CONFIDENTIAL" as a
26 means of protecting against the copying and dissemination of such documents.

27     **12.6**    <u>Appointment of a Special Master</u>: The Special Master shall preside over all
28 discovery disputes which arise after the date this protective order takes effect.

1
2  Dated: _____          _____
3                                         THOMAS HR DENVER, Special Master
4
5
6          PURSUANT TO STIPULATION, IT IS SO ORDERED.
7
8
9  Dated: August 11, 2006                 _____
10   Nunc pro tunc to                      THE HONORABLE JAMES WARE
11   jw October 7, 2005
12
13
...
28

-14-

[PROPOSED] STIPULATED PROTECTIVE ORDER                    Case No. 04-CV-02266-JW