IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Advanced Microtherm, Inc., et al., | NO. C 04-02266 JW |
| Plaintiffs,<br>v.<br>Norman Wright Mechanical Equipment Corporation, et al.,<br>Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALLOW EXAMINATION OF WITNESSES** |

## I. INTRODUCTION

This case arises out of disputes between a number of corporations and individuals over various large construction projects. Plaintiffs Advanced Microtherm, Inc. ("AMT") and HVAC Sales, Inc. ("HVAC") (collectively, "Plaintiffs") are California corporations in the business of, *inter alia*, obtaining orders for manufacturers of commercial and industrial ventilation systems. Defendants are corporations and individuals involved in the construction industry, including: other businesses that obtain orders for manufacturers of ventilation systems, landowners, construction engineering firms, construction management firms, architectural firms, and their employees.

In Recommended Discovery Order Number Fourteen ("RDO14"), the Special Master denied Plaintiffs' Motion to Allow Examination of Witnesses Under Discovery Order. (hereafter, "Motion," Docket Item No. 291.) On March 13, 2007, the Court held a hearing on Plaintiffs' objections. Based on the arguments of the parties in the papers and at the hearing, the Court GRANTS in part, and DENIES in part Plaintiffs' Motion.

## II.  BACKGROUND

In the interest of brevity, the Court refrains from reciting the entire lengthy factual background of this case already set forth in the Court's prior orders.  (See, e.g., Order Denying Defendant NSW's Motion to Dismiss Plaintiffs' First, Second, Third, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action; Granting NSW's Motion to Dismiss Plaintiffs' Fourth Cause of Action; Denying NSW's Motion for a More Definite Statement; and Denying NSW's Motion to Strike Certain Portions of Plaintiffs' Complaint, Docket Item No. 28.)  The causes of action in the Third Amended Complaint arise out of Plaintiffs' allegations that Defendants engaged in a massive anti-competitive scheme involving a large number of products over a large number of construction projects.  In pleading one of many examples of Defendants' alleged wrongdoing, Plaintiffs list sixteen products in Table 1 and twenty-one products in Table 2, and allege that Defendant NSW was able to "control sales and . . . able to dictate pricing of the aforementioned goods to customers and tie the sale of separate products in 'Table 1' together, as well as, tie the sale of products identified in 'Table 2' to those identified in 'Table 1.'"  (TAC ¶ 50).  Plaintiffs allege unlawful anticompetitive conduct also occurred with respect to the thirty-four "other construction projects" listed at Table 3 (TAC ¶ 55).

In April of 2005, the Court notified the parties of its intent to appoint a Special Master with the authority to resolve discovery disputes and to hear certain pretrial motions.  The parties did not object to the proposed appointment, and the Court appointed a Special Master on May 25, 2005. (Docket Item No. 116.)

On March 23, 2006, the Court modified the Special Master's RDO7.  Based on the large number of products and construction projects involved in the case, the Court ordered Plaintiffs to select five construction projects to be the focus of initial discovery efforts, and tentatively ordered a separate Rule 42(b) trial with respect to the selected projects.  (Order Granting in Part and Denying in Part Objections to Recommended Discovery Order Number Seven, Docket Item No. 239.)

Plaintiff s filed their Motion on December 22, 2006.  Plaintiffs seek to depose witnesses regarding anticompetitive practices not directly related to the five selected projects.  On January 23,

2007, the Special Master issued RDO14 denying Plaintiffs' Motion to Allow Examination of Witnesses Under Discovery Order. Plaintiffs filed objections to RDO14 on February 2, 2007. (hereafter, "Objections," Docket Item No. 291.)

### III. DISCUSSION

**A.** **Standard of Review**

Plaintiffs contend that RDO14 constitutes a "dispositive order" and therefore the Court should review it de novo. (Objections at 2.)

Generally, discovery orders by the Special Master are non-dispositive and are reviewed by this Court under a "clearly erroneous" or "abuse of discretion" standard pursuant to Rule 53(g)(5) and the Court's Order Appointing Special Master. (See Docket Item No. 116.) RDO14 raises standard discovery issues which do not render it dispositive or "functionally" similar to a dispositive order. See Victoria's Secret Stores v. Artco Equip. Co., 194 F. Supp. 2d 704, 714 (S.D. Ohio 2002). Accordingly, the abuse of discretion standard is appropriate. The Court notes, however, that the outcome of its analysis below does not depend on the application of this standard.

**B.** **RDO14**

Plaintiffs contend that inability to depose witnesses on subjects unrelated to the five selected projects prejudices them in the following ways: (1) they will be forced to depose the same witnesses on multiple occasions; (2) they are unable to preserve testimony on anticompetitive acts outside the scope of the five projects; (3) they are unable to obtain evidence of Defendants' general business practices, which are probative of violations within the scope of the five projects. As a remedy, Plaintiffs propose they be allowed "to conduct deposition examination of Defendants' wrongful acts outside the scope of the initial five projects..." (Motion at 18-19.)

Plaintiffs' proposed solution is essentially that, in the context of depositions, the Court should abandon the discovery limitations it imposed in its order of March 23, 2006. Plaintiffs' justifications for such a course of action are similar or identical to those it has previously raised. The Court finds the Special Master did not abuse his discretion in denying Plaintiff's motion. At the hearing, however, Plaintiffs represented that limited questioning outside the context of the current discovery

3

plan would facilitate the parties' current mediation efforts and potential settlement. Accordingly, the Court will modify the current discovery plan as described below.

## IV. CONCLUSION

The Court adopts Recommended Discovery Order Fourteen, and DENIES Plaintiffs' Motion to Allow Examination of Witnesses Under Discovery Order, except that:

1) Plaintiffs may designate two (2) witnesses for deposition on topics relevant to the litigation, without regard for the five project limitation. Each deposition shall be limited to one day of 7.5 hours.

2) Defendants retain all rights to discovery on subjects on which testimony is taken at the depositions of the two designated witnesses, including the right to take separate depositions of the witnesses at a later date.

3) Disputes regarding the scope of deposition questioning of the two designated witnesses, as well as the scope of questioning of witnesses testifying regarding the five selected projects, will be resolved by the Special Master. The Special Master shall also have authority to resolve issues related to discovery from third parties.

4) In the event that the testimony of the two designated witnesses or other circumstances in the case provide good cause, the Special Master may entertain a motion by Plaintiffs to alter the current discovery plan by substituting a different project for one of the five currently selected.

Dated: March 20, 2007

JAMES WARE
United States District Judge

4

**United States District Court**
For the Northern District of California

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bruce H. Winkelman bwinkelman@Craig-Winkelman.com
Christopher T. Coco ccoco@provostumphrey.com
David B. Abramowitz dabramowitz@lordbissell.com
Dennis P. Fitzsimons dfitzsimons@bjg.com
Ethan L Shaw elshaw@moorelandrey.com
Flora F Vigo fvigo@omm.com
Gabriel G. Green ggreen@lordbissell.com
Janette George Leonidou jleonidou@alr-law.com
Jeffrey G. Nevin jgnevin@freitaslaw.com
Jesse Thomas Rhodes trhodesiii@aol.com
Jill Battilega Rowe jrowe@cwclaw.com
John Morwick Ross jross@cwclaw.com
John T. Williams jwilliams@lordbissell.com
Kenneth Lawrence Mahaffey kmahaffey@pecklaw.com
Lisa Dritsas Wright lwright@alr-law.com
Maria Giardina
 maria.giardina@sdma.com,
sharon.godske@sdma.com,
diana.knott@sdma.com,
SDMACalendaring@sdma.com
Matthew A. Fischer matthew.fischer@sdma.com
Maureen Ellen McTague mem@severson.com
Merrit Jones mjones@cwclaw.com
Michael Bernard Murphy mbm@severson.com
Michael F. Tubach mtubach@omm.com
Paul Bartlett pbjatp@swbell.net
Paul B. Lahaderne paul.lahaderne@sdma.com
Peter Michael Hart p.hart@wrightrobinson.com
Pruett Moore pmooreiii@sbcglobal.net
Robert A. Goodin rgoodin@gmssr.com
Stephen D. Kaus skaus@cwclaw.com
Steven Ellis Conigliaro sconigliaro@omm.com
Stuart E. Jones sjones@wrightrobinson.com
Thomas C. Tagliarini tagliarinilaw@aol.com
Tommy L Yeates1 tyeates@moorelandrey.com
Wayne T. Lamprey wlamprey@gmssr.com
Zane D Negrych zanenegrych@sbcglobal.net

**Dated: March 20, 2007**                                     **Richard W. Wieking, Clerk**

                                                              **By:  /s/JW Chambers**

                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**