UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., )<br>)<br>　　　　　Plaintiffs, )<br>)<br>　v. )<br>)<br>NORMAN WRIGHT MECHANICAL )<br>EQUIP. CORP., et al., )<br>)<br>　　　　　Defendants. )<br>_____ ) | Case No.: C 04-2266 JW (PVT)<br><br>**Order Granting Plaintiffs' Request to Seal Response to Special Master's Declaration and Tentatively Granting Plaintiffs' Motion for Leave to Submit the Response to the Court *In Camera*; and**<br><br>**Reports and Recommendations re Special Master's Report #39** |

On August 8, 2008, District Judge Ware referred this matter to this court for a determination of the nature of the arrears reported by Special Master Denver and to resolve any payment disputes. *See* Civil L.R. 72-1, and 28 U.S.C. § 636(b)(1) & (e)(6)(B)(iii).  On August 14, 2008, this court set a briefing schedule for this issue.  On August 25, 2008, the Special Master filed his declaration.  On September 9, 2008, Plaintiffs filed an administrative request to file under seal and submit *in camera* review its Response to Special Master's Declaration in Support of Unpaid Invoices.  No opposition to the request for *in camera* review was filed.  On September 12, 2008, Defendant F.W. Spencer & Son, Inc. ("F.W. Spencer") filed its response.  On September 18, 2008, Special Master Tom Denver filed a Reply in Support of Unpaid Invoices, in which he notes he cannot reply to Plaintiffs because the Plaintiffs' response was submitted *in camera*.  Based on the briefs and supporting papers submitted by the parties,

Order, *page 1*

1    IT IS HEREBY ORDERED that Plaintiffs' request to file their response under seal is
2 GRANTED.  IT IS FURTHER ORDERED that Plaintiffs' request to submit their response to the
3 court *in camera* is TENTATIVELY GRANTED, subject to review and ultimate determination by
4 District Judge Ware.  (Plaintiffs' *in camera* submission is being forwarded to District Judge Ware.)

5    IT IS HEREBY REPORTED to District Judge Ware that the unpaid invoice issue cannot be
6 resolved at this time because no hourly rate of compensation, or other basis for compensation, for the
7 Special Master's services has yet been set by the court.

8    Federal Rules of Civil Procedure 53(b)(2)(E) provides that the order appointing a Special
9 Master "must state * * * * the basis, terms, and procedure for fixing the master's compensation
10 under Rule 53(g)."  Rule 53(g)(1) provides that "Before or after judgment, the court must fix the
11 master's compensation on the basis and terms stated in the appointing order, but the court may set a
12 new basis and terms after giving notice and an opportunity to be heard."  It appears that the court has
13 not yet set the compensation for Special Master Denver.  Because there is no court approved hourly
14 rate or other basis for the Special Master's compensation, there is no legal authority upon which to
15 base a resolution of the unpaid invoices.

16    Special Master Denver argues that the parties never objected to the rate he is charging.  He
17 does not, however, cite any legal authority for the proposition that a Special Master may set his own
18 compensation.

19    After the hourly rate or other basis for the Special Master's compensation has been set either
20 by District Judge Ware, or, if that matter is referred, by Magistrate Judge Trumbull, this court will
21 resume consideration of the unpaid invoice issues (if they have not by then otherwise been resolved
22 by the Special Master and the parties involved).

23    IT IS FURTHER REPORTED that there appears to be some confusion regarding the
24 apportionment of the fees of the Special Master.  Defendant F.W. Spencer notes that the Notice of
25 Intent to Appoint Special Master requires that, unless the court receives a recommendation from the
26 Special Master for some other apportionment, each *party* must bear the cost on a per capita basis.
27 The Special Master has been treating Plaintiffs John Karamanos, Advanced Microtherm, Inc., and
28 HVAC Sales, Inc. as just one party rather than three.  Rather than rather splitting his fees *pro rata*

among the five remaining parties, the Special Master has been splitting his fees three ways, with the three Plaintiffs being treated as one party.  F.W. Spencer notes it has been billed for one third of the fees rather than just one fifth of the fees as the court's order currently appears to require.  The Special Master, in his reply, explains how he decided on the current apportionment and his rationale for doing so.  It appears he did not, however, previously submit any recommendation to the court for the current apportionment.  Nonetheless, IT IS RECOMMENDED that the court adopt the Special Master's apportionment of his fees.  It does not appear that Defendant F.W. Spencer ever complained of the current apportionment prior to filing its response brief.

    IT IS FURTHER REPORTED that Plaintiffs have indicated, in the papers submitted *in camera*, that they can no longer ask the Special Master to continue performing work.  It appears from the record that only five parties remain active in this action.  Thus, based on the Plaintiffs' *in camera* submission and the change in circumstances in this case, IT IS RECOMMENDED that the Special Master be relieved of his duties and that all further discovery and disclosure matters be re-referred to a Magistrate Judge.

Dated: *10/10/08*

                                               PATRICIA V. TRUMBULL
                                               United States Magistrate Judge