1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN JOSE DIVISION

11

12   ADVANCED MICROTHERM, INC., et al.,)          Case No.: C 04-2266 JW (PVT)
                                       )
13                    Plaintiffs,      )          **ORDER GRANTING PLAINTIFFS' MOTION
                                       )          TO COMPEL DISCOVERY**
14          v.                         )
                                       )
15   NORMAN WRIGHT MECHANICAL          )
     EQUIP. CORP., et al.,             )
16                                     )
                      Defendants.      )
17   _____ )

18          On January 27, 2009, the parties appeared before Magistrate Judge Patricia V. Trumbull for

19   hearing on Plaintiffs' motion for an order compelling Defendant Norman Wright Mechanical

20   Equipment Corporation ("Norman Wright") to produce certain financial documents and permitting

21   follow-up deposition questions.  Based on the briefs and arguments submitted,

22          IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED.

23          Contrary to Defendants' arguments, the relief sought in this motion is not precluded by prior

24   rulings in this case.  Both District Judge Ware and the Special Master indicated a willingness to

25   revisit these issues.  *See* Transcript of Proceedings held on 09/29/08 (Docket No. 783) at 46:2 – 50:8

26   and 52:15-20.   While it may have been appropriate to limit the scope of discovery allowed in

27   connection with the five projects early in this case (when there were still 13 Defendants in the case

28   and before Plaintiffs' claims were tested in various motions for summary judgment), Defendants

have not shown[1] that limitations on the scope of discovery regarding the representative projects are still appropriate now that there are only two Defendants and the claims to be tried have survived summary judgment.  It is time to get this case ready for a separate trial on the representative projects selected by Plaintiffs.  In order to adequately prepare for the separate trial, Plaintiffs are entitled to all discovery relevant to the representative projects, except for any limitations that may *currently* be warranted by Rules 26(b)(2) or (c) of the Federal Rules of Civil Procedure.

   "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." *See* FED.R.CIV.P. 26(b)(1).  With regard to the representative projects, the kind of financial documents discussed on pages 22, 23, 25 and 177 of the transcript of Mr. Leao's November 7, 2007 deposition are clearly relevant to Plaintiff's claims.  Norman Wright's company-wide financial information is also relevant to the claims to be tried in the separate trial both because it encompasses income and expenses related to the representative projects, and because it will show the extent of Defendant Norman Wright's profits during the relevant time period.  Defendant Norman Wright's profits, if extraordinary, can be circumstantial evidence of a conspiracy to fix–or otherwise artificially inflate[2]– prices.  *See, e.g., Estate of Le Baron v. Rohm & Haas Co.*, 441 F.2d 575, 578 (9th Cir. 1971) (finding that refusal to permit discovery of defendant's profit margins constituted reversible error in price fixing case); *see also, American Tobacco Co. v. United States*, 328 U.S. 781, 804-06 (1946) (recognizing that extraordinary profits during a period of declining costs followed by reduced prices when new competition made itself felt, constituted "circumstantial evidence of the existence of a conspiracy").

   Plaintiffs have also shown that unredacted salesperson expense reports are within the scope of discovery.  Salesperson expense reports that reflect gratuities are relevant even if the gratuities were purportedly given in connection with "other" projects.  *Any* gratuities to a particular person may

---

[1]   Generally, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal. 1998).

[2]   Defendant Norman Wright argues that *Estate of Le Baron* case is distinguishable on the facts. However, depending on what other evidence Plaintiff introduces at trial, the underlying rationale may well apply equally here.  That is a determination to be made at trial, not in the course of a discovery motion.  While extraordinary profits may not alone prove a conspiracy, they nonetheless can be circumstantial evidence of a conspiracy.

1  well have influenced that person's conduct in connection with projects other than the specific one for

2  which the gratuity was given, assuming the gratuities are even attributed to specific projects.  Thus,

3  they are within the scope of discovery for the representative projects.

4          Defendants have not shown that protection from producing the foregoing documents is

5  currently warranted under either Rule 26(b)(2) or (c)).

6          With regard to Plaintiff's request to permit follow-up deposition questions, as Plaintiff points

7  out, Defendants have not opposed the request.  This ruling is without prejudice to Defendants

8  making any appropriate objections to specific questions.

9          IT IS FURTHER ORDERED that, absent agreement of the parties or further order of the

10  court otherwise, Defendants shall produce the documents compelled herein no later than February

11  20, 2009.

12  Dated: *2/5/09*

13

          PATRICIA V. TRUMBULL
14          United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER, *page 3*