UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., )<br>                                )<br>         Plaintiffs,      )<br>                                )<br>    v.                         )<br>                                )<br>NORMAN WRIGHT MECHANICAL  )<br>EQUIP. CORP., et al.,             )<br>                                )<br>        Defendants.    )<br>_____ ) | Case No.: C 04-2266 JW (PVT)<br><br>**ORDER SCHEDULING BRIEFING ON REASONABLENESS OF SPECIAL MASTER DENVER'S FEES** |

On October 17, 2008, District Judge Ware issued an order that provides in relevant part:

"With respect to her Reports and Recommendations on the issue of Master Denver's fees, Judge Trumbull noted that the Court has not specifically set the measure of compensation for the Special Master. (Magistrate's Order at 2.) To resolve the dispute over the Special Master's unpaid invoices, however, Judge Trumbull requires an understanding of any Court-approved basis for the Special Master's compensation. Up to this time, the Court has permitted the Special Master to set his own fees, subject to any objection by the parties. To the extent the parties now dispute the Special Master's invoices, the Court refers this dispute to Judge Trumbull, as follows: The Special Master shall submit to Judge Trumbull a report containing his method of calculating fees and a breakdown of fees accrued to date. Judge Trumbull shall determine whether the Special Master's fees are reasonable in light of the services rendered and then shall make a Report and Recommendation to the Court containing her conclusions with respect to the issue of unpaid invoices."

By letter dated December 30, 2008, the Special Master indicated he believes he has already submitted the required documentation. From a review of the court's file, it appears that the Special Master filed a declaration setting forth his method of calculating fees, but submitted only copies of the unpaid invoices rather than a breakdown of all "fees accrued to date." (*See* Docket No. 690.) Based on Judge Ware's order and the file herein,

IT IS HEREBY ORDERED that, no later than March 13, 2009, Special Master Denver shall

file a breakdown of all fees accrued to date.

IT IS FURTHER ORDERED that, no later than ten court days after the Special Master files the breakdown of his fees, any party may file a brief setting forth that party's position regarding the reasonableness of the Special Master's fees in light of the services rendered. Rule 53 of the Federal Rules of Civil Procedure requires the court to afford the parties an opportunity to be heard under these circumstances. *See* Fed.R.Civ.Pro. 53(b)(4) & (g)(1). The Special Master may respond to any such briefs within four weeks after they are filed.

Dated: *2/13/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge