UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORMAN WRIGHT MECHANICAL ) <br> EQUIP. CORP., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 04-2266 JW (PVT) <br><br> **ORDER RE DISCOVERY ISSUES RAISED IN PARTIES' DISCOVERY CONFERENCE BRIEFS** |

Pursuant to this court's prior order, on March 31, 2009, the parties submitted briefs in anticipation of the discovery conference scheduled for April 7, 2009. In their briefs, the parties address certain current disputes they have regarding the interpretation of this court's orders of February 6, 2009. The parties also raise an issue regarding the propriety of Defendant Norman Wright Mechanical Equipment Corporation ("Norman Wright") designating various documents "Attorneys' Eyes Only." Having reviewed the papers submitted by the parties, the court finds it appropriate to issue an order on these specific issues without oral argument. Based on the papers filed by the parties and the file herein,

IT IS HEREBY ORDERED that the relevant time frame referenced in this court's February 6, 2009 order Granting Plaintiff's Motion to Compel is deemed to be 1995 through April, 2004. While the parties did not specifically argue this issue in their briefs on that motion, they have now

done so and the court finds it appropriate to adopt a time frame that includes the earlier documents requested by Plaintiffs.[1] While the trial judge may ultimately find some portion of those documents inadmissible on relevance grounds, the scope of discovery is broader than the scope of admissiblity. Plaintiffs are entitled to discover the broader range of documents in order to prepare their relevance arguments for trial. To the extent the documents warrant protection, Norman Wright may designate them "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the blanket protective order herein, if such designation is warranted under the applicable standards.

IT IS FURTHER ORDERED that this court's February 6, 2009 order Granting Plaintiff's Motion to Compel is clarified as follows: Norman Wright shall produce *all* salesperson expense reports, unredacted, for the period 1998 through 2003. As the court previously noted, any gratuities to a particular person may well have influenced that person's conduct in connection with projects other than the specific one for which the gratuity was given, assuming the gratuities are even attributed to specific projects. Moreover, given Norman Wright's representations regarding how long it will take to locate and producing the documents, it is clear that any attempt to sort the documents by which recipients of gratuities[2] worked on the specific project will unnecessarily slow down the process.

IT IS FURTHER ORDERED that, to the extent Plaintiffs believes this court's February 6, 2009 order Granting Plaintiff's Motion to Compel required Norman Wright to produce documents showing salespersons commission or bonus calculations, the court clarifies that it did not require production of such records. Neither Plaintiffs motion, nor the document requests at issue in that motion, specifically sought such records. This ruling is without prejudice to Plaintiffs propounding a request for such documents.

IT IS FURTHER ORDERED that, to the extent Norman Wright now claims it does not have

---

[1] The court set the end of the range based on the date Norman Wright served its responses to the requests for production. This order is without prejudice to Plaintiffs serving a request for later created documents. The court will not at this time pre-judge whether any such later created documents are discoverable in this action.

[2] Sorting by which salesperson worked on the specific projects does not address the issue of which individuals and/or companies worked on the projects and received gratuities from *anyone* at Norman Wright.

ORDER, *page 2*

documents of the kind described on pages 22, 23, 25 and 177 of the transcript of Mr. Leao's November 7, 2007 deposition, Plaintiff may notice a Rule 30(b)(6) deposition of Norman Wright to determine what documents the company created and/or maintains regarding the companies profits on a project-by-project basis. This deposition shall not count towards whatever limit on depositions the court imposes after the April 7, 2009 discovery conference.

Norman Wright in its brief mentions make a "person most knowledgeable" available regarding a particular issue (unrelated to its profit documentation). The court notes that the "person most knowledgeable" is a California state standard. Rule 30(b)(6) requires that:

> "[t]he named organization must then designate one *or more* officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information *known or reasonably available to the organization*." (Emphasis added.)

Thus, so long as the designated individual is adequately prepared to provide the information "known or reasonably available to the organization" about a specified topic, he or she need not be the "person most knowledgeable" about that topic. The decision regarding how many individuals to designate and have prepare to fully testify on any given topic(s) is up to the party responding to the Rule 30(b)(6) deposition notice.[3] *See Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)) (noting that if the persons designated by the corporation do not possess personal

---

[3] The Ninth Circuit, in *dicta*, has suggested that a corporation served with a Rule 30(b)(6) notice must produce the "most qualified" person to testify. *See Mattel Inc. v. Walking Mountain Productions*, 353 F3d 792, 798, fn. 4 (9th Cir. 2003). However, the Ninth Circuit did not explain what it meant by "most qualified," and both Rule 30(b)(6) and numerous cases interpreting it have made clear that it requires a responding corporation to designate one or more individuals to testify on its behalf, and to prepare those individuals to fully testify about each topic for which each has been designated to testify. *See, e.g., Marker v. Union Fidelity Life Insurance Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) (responding corporation obligated to "prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation"). Once a designated witness has been prepared to fully testify, that person is arguably the "most qualified," even if he or she was not initially the most *knowledgeable*. The fact that 30(b)(6) does not require production of the most "knowledgeable" person is evinced both by the lack of any such requirement in the rule, and by the fact that the rule requires the corporation to obtain consent to testify from individuals who are not officers, directors, or managing agents. Thus, where the person most "knowledgeable" is not an officer, director, or managing agent, a corporation cannot be compelled to produce that person for deposition if he or she does not consent. *See* FED.R.CIV.PRO. 30(b)(6) *advisory committee notes* (1970 amends.) ("an employee or agent who has an independent or conflicting interest in the litigation–for example, in a personal injury case–can refuse to testify on behalf of the organization").

knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation).

IT IS FURTHER ORDERED that, to the extent Plaintiffs seek an order allowing John Karamanos to see "Confidential – Attorneys' Eyes Only" documents, the proper procedure is set forth in Section 6 of the Stipulated Protective Order, entered herein on August 11, 2006 (Docket No. 277). In light of District Judge Ware's re-referral of all discovery matters back to the assigned Magistrate Judge, each time the Stipulated Protective Order mentions the "Special Master" it should be read as mentioning the assigned Magistrate Judge.

IT IS FURTHER ORDERED that the Further Status and Discovery Conference remains on calendar for 10:00 a.m. on April 7, 2009.

Dated: 4/6/09

PATRICIA V. TRUMBULL
United States Magistrate Judge