UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NORMAN WRIGHT MECHANICAL )<br>EQUIP. CORP., et al., )<br>)<br>Defendants. )<br>_____ ) | Case No.: C 04-2266 JW (PVT)<br><br>**REPORT AND RECOMMENDATION REGARDING CASE SCHEDULE AND SCOPE OF TRIAL** |

On April 7, 2009, the parties appeared for a status conference pursuant to District Judge Ware's referral to this court for report and recommendation on a proposed schedule to advance this case to trial.[1] Based on the briefs and arguments submitted,

IT IS HEREBY RECOMMENDED that the court conduct a single unified trial of the antitrust claims in this case. The parties' attempts to delineate discovery limitations that would facilitate an efficient trial of any separate issues has revealed that artificial limitations on the projects included in a separate trial will inevitably result in prejudice to one party or another. For example, currently the case is focused on 15 projects selected by Plaintiffs. Defendant Norman Wright Mechanical Equipment Corporation ("Norman Wright") recently complained that:

---

[1] Judge Ware also referred to this court the task of meeting with the parties to work out a discovery plan with respect to additional projects in light of the Court's Summary Judgment Order. The discovery plan worked out with the parties is set forth in a separate order.

ORDER, *page 1*

"Until now, Plaintiffs have selected every project to be the subject of discovery and trial in this case, which would unfairly prejudice Norman Wright if it were not permitted to produce evidence of projects upon which it bid but did not get, either in whole or in part, or which did not include flat spec'd products." (*See* Docket No. 847, p.8).

Norman Wright has also stated that it intends to "introduce evidence related to general project history outside of the 15 projects to put those in context," and that it ". . . must be allowed to present evidence that it bid on hundreds of other jobs during the applicable period where it was not the winning bidder and/or where the bid procedures contained no named product . . .." (*See* Docket No. 929, p. 6.)

Strictly limiting all parties' evidence at trial to the 15 projects selected by Plaintiffs would unfairly prejudice Defendants. Yet limiting Plaintiffs' evidence to the 15 projects it selected, while allowing Defendant to introduce evidence from an unlimited number of other projects (perhaps even in the hundreds), would unfairly prejudice Plaintiffs. Absent full discovery on all projects that were bid on during the relevant time frame, it would not be possible to determine how many exemplar projects each party should be allowed to include in a separate trial. Thus, it is recommended that at a minimum Plaintiffs antitrust claims[2] be tried in one unified trial.

IT IS FURTHER RECOMMENDED that the prior stay on discovery outside the scope of the initial five (now fifteen) construction projects be formally lifted. District Judge Ware's order of March 12, 2009, states that the court "never formally limited the scope of expanded discovery in this case."

IT IS FURTHER RECOMMENDED that the following pretrial schedule apply to this case:

**PROPOSED PRETRIAL SCHEDULE**

| | |
|---|---|
| **Expert Disclosures** | September 18, 2009 |
| *(63 days before close of discovery)* | |
| **Rebuttal Expert Disclosures** | October 2, 2009 |
| *(49 days before close of discovery)* | |
| **Close of All Discovery** | November 20, 2009 |

---

[2] The court does not opine on whether either the state law claims and/or the claims against Defendant FW Spencer should be severed, as it does not appear the District Judge referred those issues for report and recommendation, and the parties did not fully brief those issues.

| | |
|---|---|
| **Last Day for Hearing Dispositive Motions** *(42 days before Preliminary Pretrial Conference)* | March 8, 2010 |
| **Preliminary Pretrial Conference Statements Due** *(10 days before Preliminary Pretrial Conference)* | April 9, 2010 |
| **Preliminary Pretrial Conference and Trial Setting** | April 19, 2010 |

Dated: *4/7/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 3*