UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NORMAN WRIGHT MECHANICAL )<br>EQUIP. CORP., et al., )<br>)<br>Defendants. )<br>_____ ) | Case No.: C 04-2266 JW (PVT)<br><br>**DISCOVERY PLAN ORDER** |

On April 7, 2009, the parties appeared for a discovery conference pursuant to District Judge Ware's referral directing this court to meet with the parties to work out a discovery plan with respect to the additional projects in light of the summary judgment order. At the discovery conference the parties also raised a few other discovery issues. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that, absent agreement of the parties or further order of the court to the contrary, the following limitations apply to the remainder of this case:

1) Plaintiffs collectively are limited to 25 depositions and Defendants collectively are limited to 25 depositions;
2) Each party (with Plaintiffs collectively counting as one party) is limited to 25 interrogatories and 36 requests for admission;
3) Each party may propound an unlimited number of document requests, so long as the document requests do not duplicate prior document requests.

IT IS FURTHER ORDERED that the deadline for Rule 26(e) supplementation previously

ordered by this court is extended from April 20, 2009 to April 22, 2009.  The Rule 26(e) supplementation is limited at this time to any evidence the parties would seek to use at a trial limited to the currently designated 15 projects.[1]  In the event Judge Ware adopts this court's recommendation (by separate order) that the stay on discovery outside the scope of the fifteen projects be lifted, the parties shall promptly meet and confer regarding a date for further Rule 26(e) supplementation.

IT IS FURTHER ORDERED that, the protocol for seeking modification of any of the limitations set forth herein shall be the procedures set forth in this court's Civil Rule 7.  The parties shall meet and confer regarding any requested modifications before filing a motion.  If a party believes expedited briefing is warranted, it shall file the procedures set forth in Civil Rule 6.  These same procedures shall be used for any future discovery disputes, except for any mid-deposition disputes that may arise.  In the event of a mid-deposition dispute, the parties shall contact chambers staff (408-535-5434) to arrange a time for a telephone hearing.

IT IS FURTHER ORDERED that Plaintiffs may take a ½ hour deposition of Richard Leao to clarify what profit/loss documentation Defendant Norman Wright Mechanical Equipment Corporation ("Norman Wright") maintains on a project by project basis.  This deposition does not count towards the limitations set forth above.

IT IS FURTHER ORDERED that this courts' order of April 6, 2009 is modified as follows: Defendant Norman Wright shall produce *all* salesperson expense reports for the period 1998 through 2003 for Northern California.  As used herein, "Northern California" is deemed to include all territory included in Norman Wright's exclusive manufacturing agreements, even if some of that territory is in Nevada. Bank account numbers and credit card numbers may be redacted from the salesperson expense reports.  No other information shall be redacted.  As used herein, the term "salesperson expense report" does not include house accounts or the owners' credit card accounts. However, to the extent the owners submit expense reports similar to those submitted by salespersons

---

[1] Thus, it includes any company wide information that would potentially be admissible at such a trial, any information Defendant Norman Wright would seek to introduce to "put the 15 projects in context," and any information on issues such as market definition and market share that any party would seek to introduce at such a trial.

ORDER, *page 2*

for reimbursement, any such reports *are* included.  To the extent Plaintiffs believe the owners may have other documentation related to any relevant gratuities, Plaintiffs may propound three document requests, three interrogatories and take a one hour 30(b)(6) deposition.  This discovery does not count towards the limitations set forth above.

IT IS FURTHER ORDERED that this court's prior orders are clarified as follows: the companywide financial information the court ordered Norman Wright to produce does not include tax returns.  Plaintiffs are free to request such documents from Norman Wright, and if the parties cannot reach agreement regarding whether the documents are discoverable, Plaintiff may file a motion to compel.

IT IS FURTHER ORDERED that this court's prior orders are clarified as follows: the court did not intend to compel Defendant F.W. Spencer to produce financial documents, because Plaintiffs did not submit to the court any document requests it had propounded on that Defendant.  The court's inadvertent references to "Defendants" are hereby corrected to read "Defendant Norman Wright."  This order is without prejudice to Plaintiffs propounding document requests on F.W. Spencer for any financial documents they believe are discoverable in this case.

IT IS FURTHER ORDERED that, with regard to how much time is allotted to each side in particular depositions, the parties shall meet and confer in advance of each deposition.  If they cannot agree on an allotment of time, they may bring a joint motion for court assistance.  Absent further order of the court, any such joint motion regarding allotment of time at a particular deposition will be submitted without further briefing or oral argument.

IT IS FURTHER ORDERED that the parties shall appear for a further discovery status conference at 10:00 a.m. on May 19, 2009.  If the parties wish to have the court rule on any discovery disputes at that time, they must comply with the notice and briefing requirements of Civil Local Rule 7 (and, if shortened time is needed, Civil Local Rule 6).  No later than May 12, 2009, the parties shall file either joint or separate discovery status report(s).

Dated: *4/7/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge