IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Advanced Microtherm, Inc., et al. | NO. C 04-02266 JW |
| Plaintiffs,<br>v.<br>Norman Wright Mechanical Equipment Corporation, et al.,<br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; DENYING MOTION TO CONFIRM PARAMETERS OF SEPARATE RULE 42(b) TRIAL; MODIFYING SCHEDULING ORDER; SETTING CASE MANAGEMENT CONFERENCE** |

Presently before the Court is Defendant Norman Wright Mechanical Equipment Corporation's ("NSW") Motion to Confirm Parameters of Separate Rule 42(b) Trial and the Magistrate Judge's April 7, 2009 Report and Recommendation Regarding Case Schedule and Scope of Trial.[1] Defendant NSW seeks to have this Court confirm its previous ruling that separate trials will be conducted with respect to a discrete number of projects, and to decline to adopt the Magistrate Judge's April 2009 Recommendation that the Court conduct a single unified trial.

The Court conducted a hearing on June 18, 2009. Based on the papers submitted to date and oral argument, the Court ADOPTS the Magistrate Judge's April 7, 2009 Report and

---

[1] (Defendant Norman Wright Mechanical Equipment Corporation's Motion to Confirm Parameters of Separate Rule 42(b) Trial, hereafter, "Motion," Docket Item No. 938; April 7, 2009 Report and Recommendation Regarding Case Schedule and Scope of Trial, hereafter, "April 2009 Recommendation, Docket Item No. 935.) NSW also filed an Objection to the April 2009 Recommendation concerning the same issues presented here. (See Docket Item No. 943.) On May 18, 2009, the Court issued an Order consolidating the issues raised in the April 2009 Recommendation and NSW's Objection with the hearing on NSW's Rule 42(b) Motion. (See Docket Item No. 968.)

1  Recommendation Regarding Case Schedule and Scope of Trial and DENIES Defendant Norman
2  Wright Mechanical Equipment Corporation's Motion to Confirm Parameters of Separate Rule 42(b)
3  Trial.

## A.  Background

On June 9, 2004, Advanced Microtherm, Inc., HVAC Sales, Inc., and John Karamanos (collectively, "Plaintiffs") filed this action against various Defendants alleging antitrust violations of the Sherman Act, Clayton Act and California antitrust laws.  (See Docket Item No. 1.)  Plaintiffs allege that Defendant NSW used unlawful tactics to get its products designated as having "no known equal" by design engineers on construction projects, and leveraged that status into tying undesired products and charging supracompetitive prices.[2]

On March 23, 2006, the Court considered a report and recommendation of a Special Master previously appointed in this case regarding whether the case should proceed through a series of separate trials with a discrete number of projects at issue in each trial.  The Court found as follows:

> Although antitrust cases generally tend to be complex, the present case is unusual in that it alleges a scheme involving a large number of customized products used in a large number of construction projects. . . . Focusing the litigation would be more convenient for the parties and for the Court, and greatly reduce the risk of jury confusion.  Providing the contours of the separate trials are properly delineated, the Court does not foresee that prejudice would occur to either party.

(March 23, 2006 Order at 3-4, Docket Item No. 239.)  Based on these "preliminary" findings, the Court ordered the parties to select five discrete projects to be the subject of discovery and tentatively ordered that a separate trial pursuant to Rule 42(b) would be conducted.  (Id. at 4.)  On September 25, 2008, the Court denied Defendants' various motions for summary judgment on the original five selected projects and ordered the parties to meet and confer in an effort to present a joint discovery plan regarding expanded discovery relating to additional selected projects.  (See Docket Item No. 779, 782.)

---

[2] The full factual background of this case can be found in the Court's prior Orders.  (See Docket Item Nos. 28, 779.)

2

On December 9, 2008, the Court adopted the Magistrate Judge's recommendation to relieve the Special Master of his duties. (See Docket Item No. 831.) Accordingly, the Court referred the parties to the Magistrate Judge to establish a discovery plan incorporating additional projects and a proposed schedule for advancing this case, and referred "all current pending and future discovery disputes . . . back to the Magistrate Judge." (Id.) On February 6, 2009, the Magistrate Judge issued an order expanding the scope of discovery to a total of fifteen projects identified by Plaintiffs. (See Docket Item No. 886.) The Magistrate Judge also invited the parties to brief the issue of whether separate trials, as tentatively ordered by the Court on March 23, 2006, was still appropriate based on the Magistrate Judge's view that separate trials "appears to be becoming an obstacle to efficient discovery and trial preparation by the parties remaining in this case." (See Docket Item No. 887.)

On April 7, 2009, after briefing and oral argument, the Magistrate Judge issued her April 2009 Recommendation, which reported as follows:

> It is hereby recommended that the Court conduct a single unified trial of the antitrust claims in this case. The parties' attempts to delineate discovery limitations that would facilitate an efficient trial of any separate issues has revealed that artificial limitations on the projects included in a separate trial will inevitably result in prejudice to one party or another. For example, currently the case is focused on 15 projects selected by Plaintiffs.
>
> . . .
>
> [NSW] has also stated that it intends to 'introduce evidence related to general project history outside of the 15 projects to put those in context,' and that it 'must be allowed to present evidence that it bid on hundreds of other jobs during the applicable period where it was not the winning bidder and/or where the bid procedures contained no named product . . . .'"
>
> Strictly limiting all parties' evidence at trial to the 15 projects selected by Plaintiffs would unfairly prejudice Defendants. Yet limiting Plaintiffs' evidence to the 15 projects it selected, while allowing Defendant to introduce evidence from an unlimited number of other projects (perhaps even in the hundreds), would unfairly prejudice Plaintiffs. Absent full discovery on all projects that were bid on during the relevant time frame, it would not be possible to determine how many examplar projects should be allowed to include in a separate trial. Thus, it is recommended that at a minimum Plaintiffs' antitrust claims be tried in one unified trial.

(April 2009 Recommendation at 1-2.) The Magistrate Judge also recommended a trial schedule closing all of discovery on November 20, 2009 and setting the last date for hearing dispositive motions as March 8, 2010. (Id. at 2-3.)

3

**B.     Discussion**

Defendant NSW moves to confirm the Court's March 23, 2006 findings and tentative Order that this matter may proceed with separate trials concerning a limited number of projects. (Motion at 4.) NSW contends that it will be prejudiced if the Court were to adopt the Magistrate Judge's April 2009 Recommendation because Plaintiffs have presented this case, until now, as a case concerning multiple single conspiracies, not a "rimless wheel conspiracy." (Motion at 14.) Similarly, NSW represents that expanding discovery to a huge number of projects will cost millions of dollars and will make the Magistrate Judge's proposed schedule impracticable. (Motion at 7-11.) As examples, NSW provides numerous discovery requests submitted by Plaintiffs after the Magistrate Judge's April 7, 2009 Recommendation that are not limited to the fifteen identified projects.[3]

In response, Plaintiffs contend that it is entitled to establish a "global conspiracy" under the Supreme Court's decision in Continental Ore v. Union Carbide Corp., 370 U.S. 690 (1962).[4] Plaintiffs further contend that the scope of trial and discovery recommended by the Magistrate are workable and that Plaintiffs are willing to undertake the work and expense of retrieving certain discovery.[5] (Opposition at 2.)

Federal Rule of Civil Procedure 42(b) permits a court "in the furtherance of convenience or to avoid prejudice," to "order a separate trial of any claim, cross-claim, counterclaim, or third-party claim or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims or issues." The limitation on a court's discretion to order separate trials is its duty to

---

[3] (See Declaration of Robert H. Bunzel in Support of Defendant Normal Wright's (1) Objection to Recommendation Regarding Scope of Trial and (2) Motion to Confirm Parameters of Separate Rule 42(b) Trial, Ex. C, Docket Item No. 939.)

[4] (Opposition to Normal Wright's (1) Objection to Recommendation Regarding Scope of Trial and (2) Motion to Confirm Parameters of Separate Rule 42(b) at 11, hereafter, "Opposition," Docket Item No. 949.)

[5] The Court notes that Plaintiffs also contend that the Court has already adopted the Recommendation of the Magistrate Judge. (Opposition at 5-6.) However, as clarified by the Court, the issues raised by the April 7, 2009 Recommendation were not resolved until after the June 1, 2009 hearing. (See Docket Item No. 968.)

4

"preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Ordering separate trials is, in effect, the "flip side" of consolidation. See De Anda v. City of Long Beach, 7 F.3d 1418, 1421 (9th Cir. 1993). Unlike separate trials ordered under Rule 21, separation of issues under Rule 42 does not result in separate judgments for each issue tried separately. See Vann v. Citicorp Sav. of Ill., 891 F.2d 1507, 1511 (11th Cir. 1991).

Based on the parties' representations and the Magistrate Judge's findings, separate trials are no longer appropriate in this case.[6] Both sides anticipate introducing evidence concerning Defendants' general business practices at trial. As explained by the Magistrate Judge, strictly limiting the evidence at trial to 15 projects would unfairly prejudice Defendants, while allowing Defendants to introduce evidence beyond the 15 projects would unfairly prejudice Plaintiffs. Moreover, despite the Court's efforts at the June 18, 2009 hearing to identify alternative ways of limiting the scope of the trial and the parties' burdens with respect to discovery, the parties could not agree on a means of doing so. Thus, the Court finds a single unified trial on Plaintiffs' antitrust claims is the most appropriate way to proceed with the remainder of this litigation.

**C.  Conclusion**

The Court ORDERS as follows:

(1) The Court ADOPTS the Magistrate Judge's April 7, 2009 Report and Recommendation Regarding Case Schedule and Scope of Trial and DENIES Defendant Norman Wright Mechanical Equipment Corporation's Motion to Confirm Parameters of Separate Rule 42(b) Trial. Plaintiffs' antitrust claims will be tried in a single unified trial.

(2) All discovery will close on **November 20, 2009**.

(3) Last date for hearing on dispositive motions is **March 8, 2010.**

---

[6] With respect to Plaintiffs' contention that they are entitled to a unified trial to establish a global antitrust conspiracy, the Court has previously considered this contention and declines to reconsider it. (See March 23, 2006 Order; May 14, 2006 Order Denying Motion for Certification, Docket Item No. 566.)

(4) The parties shall appear for a Case Management Conference on **December 8, 2009 at 9 a.m.**  The parties shall submit a Joint Case Management Statement on or before **November 20, 2009**.

Dated: July 16, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bruce Harry Winkelman bwinkelman@Craig-Winkelman.com
Cassiana Aaronson ca@mcinerney-dillon.com
David B. Abramowitz dabramowitz@lordbissell.com
Dennis P. Fitzsimons dfitzsimons@bjg.com
Flora F Vigo fvigo@omm.com
George Fred Salamy george.salamy@mccurdylawyers.com
Janette George Leonidou jleonidou@alr-law.com
Jeffrey Gordon Nevin jnevin@ecplslaw.com
Jill Battilega Rowe jrowe@cwclaw.com
John Francis McLean jackmclean1@comcast.net
John J. Bartko jbartko@bztm.com
John Morwick Ross jross@cwclaw.com
John T. Williams jwilliams@hww-law.com
Joseph M. Alioto jmalioto@aliotolaw.com
Joseph Michelangelo Alioto jaliotojr@aliotolaw.com
Julie Dawn Wood jwood@omm.com
Kenneth Lawrence Mahaffey kmahaffey@pecklaw.com
Lisa Dritsas Wright lwright@alr-law.com
Maria Giardina maria.giardina@sdma.com
Mark Ewell Ellis mellis@ecplslaw.com
Matthew A. Fischer matthew.fischer@sdma.com
Maureen Ellen McTague maureen_sandoval@gensler.com
Merrit Jones mjones@cwclaw.com
Michael David Abraham mabraham@bztm.com
Michael Frederick Tubach mtubach@omm.com
Paul B. Lahaderne paul.lahaderne@sdma.com
Peter Michael Hart peter.hart@leclairryan.com
Robert H. Bunzel rbunzel@bztm.com
Russell F. Brasso brasso@foremanandbrasso.com
Russell F. Brasso brasso@foremanandbrasso.com
Stephen D. Kaus skaus@cwclaw.com
Steven Ellis Conigliaro sconigliaro@omm.com
Stuart E. Jones Stuart.Jones@leclairryan.com
Theresa Driscoll Moore Tmoore@aliotolaw.com
Thomas Charles Tagliarini tagliarinilaw@aol.com
Thomas H R Denver tdenver@mediationmasters.com
William Hugh McInerney wjr@mcinerney-dillon.com
Zane D. Negrych zanenegrych@sbcglobal.net

**Dated: July 16, 2009**                    **Richard W. Wieking, Clerk**

                                            **By:    /s/ JW Chambers**
                                            **Elizabeth Garcia**
                                            **Courtroom Deputy**