UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORMAN WRIGHT MECHANICAL ) <br> EQUIP. CORP., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 04-2266 JW (PVT) <br><br> **INTERIM ORDER** RE **PLAINTIFF'S MOTION FOR ORDER REQUIRING WILLIAM SPENCER AND F.W. SPENCER TO APPEAR FOR DEPOSITION AND PRODUCE DOCUMENTS; AND** <br><br> **INTERIM ORDER** RE **DEFENDANT F.W. SPENCER'S MOTION FOR PROTECTIVE ORDER** |

Presently pending before the court are two related motions regarding the depositions of William Spencer and Defendant F.W. Spencer & Son, Inc. ("F.W. Spencer"), and document requests to F.W. Spencer. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that the parties shall promptly meet and confer regarding dates certain for the depositions of William Spencer and F.W. Spencer. If the parties cannot agree on dates, then no later than August 14, 2009, each party shall submit a declaration setting forth any dates in September and October its counsel are *absolutely unavailable* for deposition. Defendant F.W. Spencer shall also include any dates in September and October that William Spencer is *absolutely unavailable* for deposition.[1]

---

[1] The parties are cautioned to only include dates for which there is a scheduling conflict that *cannot* reasonably be rescheduled. While the court will attempt to accommodate the scheduling needs of the parties and their counsel, over-designation of unavailability will make it more difficult for the court to do so.

1   IT IS FURTHER ORDERED that no later than August 17, 2009, counsel for Plaintiffs and
2   Defendant F.W. Spencer shall meet and confer *in person* regarding procedures for F.W. Spencer to
3   produce the responsive documents.  If possible, the meet and confer should take place where the
4   documents are currently stored (other than any electronic documents), so that Plaintiffs' counsel can
5   see what is entailed to review and copy the documents.  If that is not reasonably possible, then
6   counsel for Defendant F.W. Spencer shall bring to the meet and confer three boxes of the responsive
7   documents that fairly represent how the documents are currently stored.  The court notes that with
8   regard to documents, what Rule 34 allows is a request for the producing party to produce original
9   documents and permit the requesting party or its representative to inspect and copy the documents.
10  *See* Fed.R.Civ.Pro. 34(a)(1).  While the parties are free to agree to production of copies in lieu of
11  inspection and copying of originals, absent such an agreement (or order of the court) the producing
12  party is only required to let the requesting party inspect the originals and make any copies they wish
13  to make.

14  The court is not inclined to require Plaintiff to make arrangements for a bonded warehouse
15  for the production.  Defendant has not explained why the documents cannot be made available where
16  they are currently located, or else brought to its counsel's office in batches (given that it is unlikely
17  that Plaintiffs' counsel will be able to review 400 boxes of documents in one day).

18  Nor is the court inclined to require Defendant F.W. Spencer to re-organize and label the
19  documents.  Rule 34 allows a responding party to either "produce documents as they are kept in the
20  usual course of business" *or* "organize and label them to correspond to the categories in the request."
21  So long as Defendant makes the documents available as they are or were maintained in the usual
22  course of business, it need not organize and label them.  However, if Plaintiffs discover the
23  documents are not kept in a reasonably business-like manner, they may bring that fact to the court's
24  attention (in a supplemental declaration), and the court will consider requiring Defendant to organize
25  and label the responsive documents.

26  IT IS FURTHER ORDERED that within two weeks of this order Defendant F.W. Spencer
27  shall produce all responsive electronic documents, or else as many responsive electronic documents
28  as it can reasonably locate within that time, along with a declaration explaining why it could not

ORDER, *page 2*

1  complete production of electronic documents by that date and an estimate of when it can complete
2  the production of responsive electronic documents.
3  Dated: *8/4/09*

    *Patricia V. Trumbull*
    PATRICIA V. TRUMBULL
    United States Magistrate Judge