UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>NORMAN WRIGHT MECHANICAL EQUIP. CORP., et al.,<br><br>        Defendants. | Case No.: C 04-2266 JW (PVT)<br><br>**ORDER RE PLAINTIFFS' RENEWED MOTION FOR ORDER REQUIRING DEFENDANT F.W. SPENCER TO ORGANIZE AND LABEL DOCUMENTS TO CORRESPOND TO THE CATEGORIES IN THE DOCUMENT REQUESTS** |

On September 11, 2009 Plaintiffs and Defendant F.W. Spencer & Son, Inc. ("F.W. Spencer") appeared for hearing on Plaintiffs' renewed motion for order requiring F.W. Spencer to organize and label documents to correspond to the categories in the document requests.[1] Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Plaintiffs' renewed motion is DENIED. From the photographs submitted by both parties it does not appear that the documents are so disorganized that

---

[1] The court had previously denied this request, but had indicated that if Plaintiffs discovered the documents were not kept in a reasonably business-like manner, they could bring that fact to the court's attention, and the court would consider requiring F.W. Spencer to organize and label the responsive documents. On September 9, 2009, Plaintiffs notified the court that they believed the document production was a "document dump." The court set a briefing and hearing schedule on extremely shortened time due to the fast approaching discovery cut-off, the need for the document production to be completed before certain depositions proceed, and in part due to the court's own scheduling needs.

ORDER, *page 1*

1 | it is unreasonable to expect the Plaintiffs to review the documents.  See, e.g., Natural Resources
2 | Defense Council, Inc. v. Fox, 1996 WL 497024, *5 n.3 (1996).  On the contrary, it appears that the
3 | documents are produced as they are being maintained by F.W. Spencer, and that they are for the
4 | most part organized in an orderly business-like fashion.  The case Plaintiffs erroneously cite as a
5 | "Ninth Circuit" case is distinguishable in a material respect because there the responding party
6 | assembled documents from different entities and locations, and then imaged all the documents onto a
7 | computer data base without providing any index for the electonic copies of the documents.  *See*
8 | *Residential Constructors, LLC v. Ace Property and Casualty Ins. Co.*, 2006 U.S. Dist. LEXIS 36943,
9 | *4-5 (D. Nev. 2006).
10 |        IT IS FURTHER ORDERED that this order is without prejudice to a renewed motion to
11 | compel and/or for sanctions in the event it appears, after Plaintiffs complete their review of the
12 | documents, that any documents that should have been included in the production were not produced.
13 | Defendant F.W. Spencer is cautioned that sanctions up to and including evidence preclusion, issue
14 | preclusion and/or terminating sanctions may be imposed if it is later determined by the court that
15 | relevant, responsive documents have been intentionally destroyed, withheld from production, or
16 | mixed in with other documents, for the purpose of keeping them out of Plaintiffs' hands.
17 | Dated: *9/11/09*

*[signature: Patricia V. Trumbull]*
PATRICIA V. TRUMBULL
United States Magistrate Judge