UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) | Case No.: C 04-2266 JW (PVT) |
|               Plaintiffs,  ) | **FURTHER ORDER RE THE DEPOSITION OF WILLIAM SPENCER** |
|    v.               ) | |
| NORMAN WRIGHT MECHANICAL ) EQUIP. CORP., et al., ) | |
|               Defendants. ) | |

During a hearing on September 11, 2009, the parties raised concerns regarding the duration of the deposition of William Spencer, and the allocation of deposition time between Plaintiffs and Defendant Norman Wright Mechanical Equip. Corp. ("Norman Wright"). Based on the arguments of the parties, and upon further consideration,

IT IS HEREBY ORDERED that the 3.5 hours of further deposition of William Spencer, which is now scheduled to commence at 12:30 p.m. on September 21, 2009, will be divided between Plaintiffs and Defendant Norman Wright, with 2 hours allotted to Plaintiffs and 1.5 hours allotted to Defendant Norman Wright. Defendant F.W. Spencer did not request any time be allotted to it, and thus no time is allotted to Defendant F.W. Spencer.

IT IS FURTHER ORDERED that this order is without prejudice to Plaintiffs and/or Defendant Norman Wright moving for additional deposition time. Any such motion shall include a

showing that the deposing party was reasonably efficient in the use of time during this deposition, and shall also indicate the general nature of the lines of questioning the party still wishes to pursue.

IT IS FURTHER ORDERED that for this, and all further depositions, all counsel shall refrain from engaging in speaking objections or engaging in other unnecessary colloquy. All objections to the form of a question shall be made on the record by stating "objection, form." Deposing counsel may ask for clarification of the objection if he or she so chooses. Otherwise, counsel defending the deposition shall make no further statement about the pending question, nor ask the deposing attorney for clarification. However, the *deponent* may ask for clarification of any question if, *in good faith*, he or she does not understand any portion of it. Repeated requests for clarification interposed for the purpose of obstructing the deposition may result in sanctions. If a question calls solely for privileged information, counsel defending the deposition may instruct the witness not to answer by stating "objection, privilege, I instruct the witness not to answer." If the full response to a question might include both privileged and unprivileged information, counsel shall state the objection by saying "objection to the extent the question calls for privileged information," and the deponent shall provide only the unprivileged information, if any. Any objections on the grounds of relevance are preserved for trial and shall not be stated on the record at a deposition. Any other objections shall be made by stating "objection" and citing the section number of the applicable Federal Rule of Evidence, without further discussion.

IT IS FURTHER ORDERED that, because this deposition will occur while this judge is unavailable, any mid-deposition disputes should be directed to Magistrate Judge Howard R. Lloyd who is the duty Magistrate Judge in the San Jose division this month. This applies only to disputes over the propriety of a question, or the application of attorney-client privilege or the work product doctrine. For any other dispute that arises during the deposition, the parties shall file a motion (along with a motion to shorten time if warranted).

Dated: *9/11/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge