UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al.,<br>        Plaintiffs,<br>    v.<br>NORMAN WRIGHT MECHANICAL<br>EQUIP. CORP., et al.,<br>        Defendants. | Case No.: C 04-2266 JW (PVT)<br><br>**ORDER RE PLAINTIFFS' MOTION TO COMPEL NORMAN WRIGHT MECHANICAL EQUIPMENT CORPORATION TO PRODUCE DOCUMENTS** |

On October 6, 2009, Plaintiffs and Defendant Norman Wright Mechanical Equipment Corporation ("Norman Wright") appeared for hearing on Plaintiffs' motion to compel production of documents. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED IN PART, DEFERRED IN PART, and DENIED IN PART as discussed herein.

IT IS FURTHER ORDERED that Plaintiffs' motion is GRANTED with regard to Document Request No. 6, including years up through 2008. It appears the documents show certain expenditures Norman Wright paid in connection with various jobs. The parties dispute whether any of the expenditures were for the benefit of engineers or contractors from whom Norman Wright sought to obtain business. However, the scope of discovery is broader than the scope of admissibility, and it may be that this information will be admissible in the event Plaintiffs are able at trial to link this evidence to other evidence showing for who's benefit the expenditures were made. *See, e.g., Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568 (N.D.Cal. 2008) ("The court need not determine at this time whether the evidence will actually end up being admissible in

this litigation"). Similarly, the parties' dispute over the relevance of documents created in 2007 and 2008 is not an issue to be resolved in the course of this discovery dispute. Because the information is at least potentially relevant, Plaintiffs are entitled to make their relevance arguments to the trial court regarding that issue; precluding this discovery would prejudice their right to do so. Norman Wright has not shown that producing the additional two years of credit card statements would be unduly burdensome.

IT IS FURTHER ORDERED that Plaintiffs' motion is GRANTED with regard to Document Request No. 7, including years up through 2008. At the hearing, Norman Wright stated it was willing to produce all of its responsive manufacturing agreements through 2006, essentially conceding the relevance of the information. Norman Wright has not shown that producing the additional two years of agreements would be unduly burdensome.

IT IS FURTHER ORDERED that Plaintiffs' motion is DEFERRED with regard to Document Request Nos. 8 & 9. The parties shall engage in further meet and confer regarding how to reduce the burden on Norman Wright. The meet and confer shall include a discussion regarding the use of search terms to locate potentially responsive emails. No later than October 20, 2009, the parties shall file a joint statement either setting forth the resolution of their dispute regarding these two requests, or else their respective positions with regard to these two requests. In the latter case, the court will issue a ruling on this motion as to these two requests without further oral argument.

IT IS FURTHER ORDERED that Plaintiffs' motion is GRANTED with regard to Document Request No. 10. Norman Wright cites *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) for the proposition that there is a public policy against unnecessary public disclosure of tax returns in order to encourage taxpayers to file complete and accurate returns. Norman Wright argues that discovery of its tax returns should not be compelled unless Plaintiffs show a "compelling need" for the returns, citing *Gattengno v. PriceWaterhouseCoopers, LLP*, 205 F.R.D. 70, 73 (D. CT. 2001). However, nothing in *Premium Service Corp.* requires such a stringent standard for discovery of tax returns. The language of *Premium Service* is only that the "unnecessary public disclosure of tax returns," is to be avoided, which would seem to allow both "necessary" public disclosures and any *non-public* disclosures.

1    In any event, a somewhat more recent, and much more thorough analysis of the protection afforded tax returns under federal law supports a finding that tax returns are not subject to any greater degree of protection than other private financial information. *See Stokwitz v. United States*, 831 F.2d 893 (9th Cir. 1987). The *Premium Service* case, and other cases affording tax returns protection beyond that afforded to other private financial information, rely on a broad reading of 26 U.S.C. § 6103 (restricting disclosure of tax returns and return information by government employees and other specified individuals). In *Stokwitz*, as here, the taxpayer argued that a broad interpretation of 26 U.S.C. § 6103 to include tax information in the hands of the taxpayer was necessary to "encourage full and honest reporting of income tax." *See Stokwitz*, 831 F.2d at 896. The Ninth Circuit rejected that argument, noting that "Nothing in the statute or its legislative history suggests an intention to protect a taxpayer's financial data from any potential risk of disclosure except that arising from the filing of the taxpayer's return with the IRS." In other words, the only risk Congress sought to eliminate was federal agencies other than the IRS obtaining taxpayer information directly from the IRS. *See Stokwitz*, 831 at 894-95 (discussing Congressional intent to "curtail loose disclosure practices by the IRS"). The Ninth Circuit affirmed the District Court's decision, which had included a finding that tax return and return information in the taxpayer's hands "are subject to no greater protection than other private papers in taxpayer's possession." *Ibid.* As noted in *Stokwitz*: "The confidentiality of tax information may also be preserved in civil proceedings through protective orders." *Stokwitz*, 831 at 897. And there is such a protective order in this case.

   Moreover, even if the court were to apply a "compelling need" standard for discovery of the tax returns, Plaintiffs have made a sufficient showing. Where, as here, the party seeking discovery of tax returns shows deficiencies in other financial records that were produced, there is a compelling need for disclosure of the tax returns. *See Advante Int'l Corp. v. Mintel Learning Technology*, 2006 WL 3511956 (C05-1022 JW) (N.D. Cal. Dec. 6, 2006). In the present case, the information is relevant to the issue of whether Norman Wright had high profit margins. *See, e.g., Estate of Le Baron v. Rohm & Hass Co.*, 441 F.2d 575 (9th Cir. 1971) (finding that refusal to permit discovery of defendant's profit margins constituted reversible error in price fixing case). Plaintiffs have shown that their expert needs the tax returns because the financial statements produced by Norman

1  Wright are incomplete, insufficient and unaudited.  *See, e.g., Third Supplemental Declaration of*
2  *Dr. Stephen A. Degnan, DBA, CPA, CVA*, filed herein on August 25, 2009 (docket no. 1050).  It
3  is also apparent to this court from its handling of numerous discovery disputes between the parties
4  regarding Norman Wright's financial information that Norman Wright has made substantial
5  attempts to shield relevant financial information from discovery, and has construed discovery
6  requests in an overly narrow manner in an attempt to withhold relevant financial information.
7  Under circumstances such as these courts have found a compelling need for discovery of a party's
8  tax returns.  *See, e.g., Advante Int' l Corp.*, 2006 WL 3511956, *1.

9      IT IS FURTHER ORDERED that, to the extent this motion seeks to compel production of
10 Norman Wright's gross profit summary sheets and salespersons' gross profit reports, it is
11 DENIED.  This court's Civil Local Rule 37-2 requires a party seeking to compel discovery to set
12 forth each request in full, followed immediately by the objections and/or responses thereto.  The
13 moving papers must also detail for each request the basis for the party's contention that it is
14 entitled to the requested discovery.  Plaintiffs filed a " separate statement" complying with the
15 requirements of Local Rule 37-2 for Document Requests Nos. 6 – 10, but failed to do so with
16 regard to the gross profit summary sheets and salespersons' gross profit reports that Plaintiffs
17 seek.  Moreover, Plaintiffs fail to identify any specific discovery request seeking such documents,
18 stating only in the concluding paragraph of the moving papers that the court " should also be
19 aware that specific document demands requesting Gross Profit Summary Sheets and Salespersons'
20 Gross Profit Reports have likewise been demanded by Plaintiffs in a Separate Request for
21 Production of Documents."  That statement is insufficient to make a specific showing in this
22 motion that these documents have been requested in a valid document request.  This ruling is
23 without prejudice to Plaintiffs filing a motion to compel production pursuant to a specific,
24 identified, discovery request.  This ruling is also without prejudice to Plaintiffs propounding a
25 request for the documents if they do not fall within the category of any previously propounded
26 valid document requests.

27 Dated: *10/7/09*

28                               *Patricia V. Trumbull*
                                 PATRICIA V. TRUMBULL
                                 United States Magistrate Judge

ORDER, *page 4*