UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NORMAN WRIGHT MECHANICAL )<br>EQUIP. CORP., et al., )<br>)<br>Defendants. )<br>_____ ) | Case No.: C 04-2266 JW (PVT)<br><br>**ORDER DENYING NORMAN WRIGHT'S MOTION FOR PROTECTIVE ORDER; AND**<br><br>**ORDER TO SHOW CAUSE WHY NORMAN WRIGHT SHOULD NOT BE REQUIRED TO REIMBURSE PLAINTIFFS FOR THE ATTORNEYS FEES INCURRED TO DRAFT THE MOTION TO COMPEL AND THE OPPOSITION TO THIS MOTION** |

On November 6, 2009, Defendant Norman Wright Mechanical Equipment Corporation ("Norman Wright") filed a motion for protective order. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Norman Wright's motion is DENIED, except that Plaintiffs are directed to redact individual social security numbers from any copies of the tax returns they disclose to anyone other than outside counsel, including any copies filed with the court or offered as evidence at trial. In opposing Plaintiffs' motion to compel, Norman Wright failed to raise any issue regarding redacting the tax returns.[1] Failure to timely raise this issue waived it. Moreover, even if

---

[1] Norman Wright's excuse that it's counsel was unaware of the issue until he reviewed the documents *after* Norman Wright was ordered to produce them is unavailing. Norman Wright, the party to whom the motion was directed, was fully aware of the contents of its own documents. That knowledge is imputed to its counsel. In other words, counsel is expected to communicate adequately with his client. And when a motion to compel documents is filed, the court expects opposing counsel to familiarize himself with the contents of the documents, or at least a representative sampling of them, *before* preparing the opposition papers, so that he can make accurate representations to the court and also apprise the court of any issues regarding the contents of the documents in a timely fashion.

1  Norman Wright had timely raised the issue, at a minimum the compensation information falls within
2  the broad scope of discovery for the reasons set forth in Plaintiff's opposition to the present motion.
3  While one of the reasons the court cited for compelling production of the documents was their
4  relevance to profit margins, that does not mean other discoverable information on the documents
5  may be redacted.  The relevance of the compensation information was not briefed because Norman
6  Wright failed to request leave to redact it.  Had that request been made, the issue would have been
7  briefed, and the court would have addressed it in its prior order.  The court will not tolerate a party
8  raising objections to production of documents seriatim.  When a motion to compel is filed, the
9  responding party must address *all* of its bases for withholding the documents in its initial opposition
10 to the motion.  Once documents are compelled, absent express leave to redact a portion of the
11 document (or agreement of the propounding party), the entire document must be produced.  *See, e.g.,*
12 *Nolan, L.L.C. v. TDC Intern. Corp.*, 2007 WL 3408584 (E.D.Mich. 2007).

13         IT IS FURTHER ORDERED that signed versions of the tax returns must be produced if they
14 exist and are in Norman Wright's possession, custody or control.  If no signed versions exist,
15 Norman Wright shall serve a declaration on Plaintiff that attests to that fact and that states which
16 specific versions of the tax returns were filed with the Internal Revenue Service.

17         IT IS FURTHER ORDERED that Norman Wright shall comply with this order within 3 court
18 days.

19         IT IS FURTHER ORDERED that, no later than January 5, 2009, Norman Wright shall file a
20 brief showing cause, if any, why it should not be required to reimburse Plaintiffs for the attorneys
21 fees incurred in drafting the motion to compel compliance with this court's prior order, and the
22 opposition to the present motion.  See Fed.R.Civ.Pro. 26(c)(3) and 37(a)(5) & 37(b)(c).  Had
23 Norman Wright raised this issue in its opposition to the original motion to compel, the court could
24 have ruled on it then and none of the additional briefing would have been necessary.

25 Dated: *12/11/09*

26                              PATRICIA V. TRUMBULL
27                              United States Magistrate Judge

28

ORDER, *page 2*