UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) | Case No.: C 04-2266 JW (PVT) |
| Plaintiffs, ) | **ORDER** RE APPLICATION OF THIS |
| ) | COURT'S PRIOR ORDER RE SPEAKING |
| v. ) | OBJECTIONS TO NON-PARTY DEPONENTS |
| NORMAN WRIGHT MECHANICAL ) | |
| EQUIP. CORP., et al., ) | |
| Defendants. ) | |

On January 20, 2010, the parties and non-party George Spikes appeared by telephone before Magistrate Judge Patricia V. Trumbull for a hearing regarding a dispute that arose during the deposition of Mr. Spikes. Plaintiffs' counsel complained that Spikes' attorney was making speaking objections in contravention of this court's prior order, and that Spikes' attorney had taken the position that the order did not apply to her. Spikes' attorney complained that Plaintiffs' counsel was not clarifying his questions when asked to do so by Mr. Spikes, and that he was hostile[1] towards her and her client. Spikes' attorney also complained that Plaintiffs' counsel had not provided her with a copy of this court's prior order before the deposition. Based on the discussions during the hearing,

IT IS HEREBY ORDERED that the portion of this court's order of September 11, 2009

---

[1] The court will not at this time *order* counsel to refrain from hostile behavior. However, the court notes that it expects all counsel, as officers of the court, to behave in a civil manner towards all other counsel, parties and non-parties during depositions and other discovery events.

ORDER, *page 1*

related to speaking objections applies to non-party deponents and their counsel.  Specifically, all counsel, including counsel for non-party deponents, shall refrain from engaging in speaking objections or engaging in other unnecessary colloquy.  All objections to the form of a question shall be made on the record by stating "objection, form."  Deposing counsel may ask for clarification of the objection if he or she so chooses.  Otherwise, counsel defending the deposition shall make no further statement about the pending question, nor ask the deposing attorney for clarification.  However, the deponent may ask for clarification of any question if, in good faith, he or she does not understand any portion of it.  Repeated requests for clarification interposed for the purpose of obstructing the deposition may result in sanctions.  If a question calls solely for privileged information, counsel defending the deposition may instruct the witness not to answer by stating "objection, privilege, I instruct the witness not to answer."  If the full response to a question might include both privileged and unprivileged information, counsel shall state the objection by saying "objection to the extent the question calls for privileged information," and the deponent shall provide only the unprivileged information, if any.  Any objections on the grounds of relevance are preserved for trial and shall not be stated on the record at a deposition.  Any other objections shall be made by stating "objection" and citing the section number of the applicable Federal Rule of Evidence, without further discussion.

    IT IS FURTHER ORDERED that any party noticing a non-party deposition shall serve a copy of this order on the non-party and his or her counsel, if any.  For any depositions that have already been noticed, but not yet completed, such service must be made promptly after the deposing party receives notice of this order through the court's electronic case filing system.  For all other non-party depositions, such service must be made along with service of the deposition subpoena.

Dated: *Jan. 21, 2010*

PATRICIA V. TRUMBULL
United States Magistrate Judge