UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>NORMAN WRIGHT MECHANICAL EQUIP. CORP., et al.,<br><br>        Defendants. | Case No.: C 04-2266 JW (PVT)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT F.W. SPENCER & SON, INC.'S MOTION TO COMPEL PLAINTIFF ADVANCED MICROTHERM, INC. TO PRODUCE ALL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 8-15; AND DENYING REQUEST FOR SANCTIONS** |

On December 30, 2009, Defendant F.W. Spencer & Son, Inc. ("Spencer") filed a Motion to Compel Plaintiff Advanced Microtherm, Inc. To Produce All Documents Responsive to Requests for Production 8-15 and Request for Sanctions. Plaintiffs opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers, and the file herein,

IT IS HEREBY ORDERED that Spencer's motion to compel production of documents responsive to Requests for Production 8-15 is GRANTED. Settlement agreements are not exempt from discovery. *See, e.g., Matsushita Electric Industrial Co., Ltd. v. Mediatek, Inc.*, 2007 WL 963975 (N.D.Cal. 2007). The case relied on by Plaintiff does not support a contrary result. *See Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d 1164, 1180 (C.D.Cal. 1998) (finding "communications to the mediator and communications between parties during the mediation" and "communications in preparation for and during the course of a mediation with a

neutral" to be protected under F.R.E. 501). The court in *Folb* drew a bright line between communications with a mediator, and all other settlement negotiations and documents:

> " To protect settlement communications not related to mediation would invade Rule 408's domain; only Congress is authorized to amend the scope of protection afforded by Rule 408. Consequently, any post-mediation communications are protected only by Rule 408's limitations on admissibility." *Ibid.*

The fact that Rule 408 permits settlement agreements to be admitted at trial for some purposes (such as to show witness bias), belies Plaintiff's claim that they are outside the scope of discovery. Plaintiffs concede that the amounts of any settlements may be relevant after trial. However, there is no separate post-trial discovery period (other than for enforcement of judgment *after* judgment is entered); discovery relevant to post-trial proceedings is included in the pre-trial discovery period. Plaintiffs also concedes there may be relevant factual information, but argues it is duplicative of information in the pleadings. The fact the information may repeat information included in other documents is insufficient grounds to withhold discovery absent a protective order.

IT IS FURTHER ORDERED that Spencer's motion is DENIED to the extent it seeks an order compelling Plaintiff to organize previously produced documents to correspond to the pertinent document requests. As Plaintiff notes, the requests themselves are primarily organized by project.

IT IS FURTHER ORDERED that Spencer's request for sanctions is DENIED. *See* CIVIL L.R. 7-8(a).

Dated: *2/25/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge