UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORMAN WRIGHT MECHANICAL ) <br> EQUIP. CORP., et al., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. C 04-2266 JW (PVT) <br><br> **ORDER RE DISPUTE OVER DURATION AND PROCEDURE FOR MEET AND CONFER PREVIOUSLY ORDERED BY THE COURT** |

On March 26, 2010, this court issued an interim order in connection with Plaintiffs Motion to Compel Obedience with Prior Court Order Requiring F.W. Spencer & Son, Inc. to Produce Specified Electronic Accounting Documents and E-Mails in Reasonable Usable Form (the "Interim Order"). In the Interim Order, the court directed the parties to "engage in an in person meet and confer session, with their respective designated computer experts in attendance, at Defendant F.W. Spencer's facilities with access to F.W. Spencer's computer system as necessary for the purpose of determining what information is available and what kind of reports can be generated." On April 6, 2010, Plaintiff contacted the court regarding disputes that have arisen between Plaintiffs and Defendant F.W. Spencer & Son, Inc. ("F.W. Spencer") regarding the duration and procedure for the meet and confer session ordered by the court. At the court's direction, counsel for Plaintiffs and counsel for Defendant F.W. Spencer contacted chambers to schedule briefing and hearing of the matter. The parties did so and their simultaneous briefs have now been submitted. Having reviewed

ORDER, *page 1*

the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the briefs and arguments submitted by the parties and the file herein,

IT IS HEREBY ORDERED that the scope of this meet and confer session is limited to determining what *financial* information[1] is available on F.W. Spencer's computer and what kind of reports can be generated.  That was and remains the sole purpose for which the court ordered this meet and confer procedure.  Searching for emails is not within the scope of the Interim Order, and shall not be included in this meet and confer session.  Plaintiffs have briefed the issue of what emails it believes are missing from F.W. Spencer's document production, and they are free to argue that matter at the April 27, 2010 hearing of this motion.  However, the court only ordered the interim meet and confer to allow the parties to more adequately brief the court on what financial reports *can* be generated from F.W. Spencer's computers, so that the court can make an informed decision regarding what kind of financial reports and/or information must be produced.

IT IS FURTHER ORDERED that the meet and confer shall last no more than 3 hours absent further order of the court or written agreement of F.W. Spencer.  Three hours should be ample time to accomplish the limited purpose of this interim meet and confer – the determination of what kind of reports can be generated from F.W. Spencer's computers.

IT IS FURTHER ORDERED that Stella Karamanos may *not* attend the meet and confer session.  However, Plaintiffs counsel may consult with Stella Karamanos by telephone during the meet and confer, so long as such consultations do not unreasonably disrupt the meet and confer session.

IT IS FURTHER ORDERED that the court expects all counsel to make a concerted effort to keep their meet and confer discussions strictly within the parameters set forth in this order, and to conduct the meet and confer session in a civil and professional manner.

Dated: *April 9, 2010*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] In reviewing its prior order, the court realizes it did not specify "financial" information, but that was what it meant when it referred to the parties generating sample reports.