UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORMAN WRIGHT MECHANICAL ) <br> EQUIP. CORP., et al., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. C 04-2266 JW (PVT) <br><br> **ORDER DENYING NON-PARTY ARUP NORTH AMERICA LIMITED'S MOTION FOR PROTECTIVE ORDER** |

On March 24, 2010, non-party Arup North America Limited ("Arup") filed a motion for protective order seeking to preclude production to Defendants of its settlement agreement with Plaintiffs. Defendants opposed Arup's motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers, and the file herein,

IT IS HEREBY ORDERED that Arup's motion for a protective order is DENIED.

As the court previously noted, settlement agreements are not exempt from discovery. *See, e.g., Matsushita Electric Industrial Co., Ltd. v. Mediatek, Inc.*, 2007 WL 963975 (N.D.Cal. 2007). The fact that Rule 408 permits settlement agreements to be admitted at trial for some purposes (such as to show witness bias), precludes any claim that they are somehow outside the scope of discovery. And as Defendant Norman Wright Mechanical Equip. Corp. points out, the amount of money Defendants have already received in settlement is relevant to, among other things, potential set off against damages, and whether Plaintiffs have Article III standing.

It makes little difference that the settlement agreement was reached and signed at a

mediation. This fact would make a difference only if there were a mediation privilege that protected the agreement from discovery. The Ninth Circuit has not yet ruled on whether or not a federal common law mediation privilege exists. *See, e.g., Babasa v. LensCrafters, Inc.*, 498 F.3d 972, n.1 (9th Cir. 2007). And the fact that a mediation is "confidential" does not necessarily make it "privileged." *See In re Grand Jury Subpoena Dated December 17, 1996*, 148 F.3d 487, 493 (5th Cir. 1998). Further, even if communications that occur during mediation were protected from discovery, there is no authority for finding the actual settlement agreement negotiated at the mediation to be automatically confidential,[1] much less privileged.

IT IS FURTHER ORDERED that Arup's request that the settlement agreement be designated "Highly Confidential – Attorneys' Eyes Only" is DENIED. Arup has not shown that disclosure of the information to Defendants' executives would "create a substantial risk of serious injury that could not be avoided by less restrictive means." *See*, Stipulated Protective Order (docket no. 277), ¶ 2.4. Arup's showing in this regard is based entirely on speculation that Defendants will violate the terms of the Stipulated Protective Order. *See, e.g., Humboldt Baykeeper v. Union Pacific R. Co.*, 244 F.R.D. 560, 562-563 (N.D. Cal. 2007) ("the proponent of a protective order must demonstrate that the risk of disclosure is real").

The court will not at this time preclude Arup from designating the settlement agreement "Confidential" pursuant to the Stipulated Protective Order filed herein, subject to any appropriate challenge to that designation pursuant to the procedures set forth therein.[2] Arup appears to have a good faith belief that the agreement is sufficiently confidential to warrant protection under Federal

---

[1] For example, the mediation confidentiality provision of this court's ADR Local Rules does not cover actual settlement agreements that result from a mediation. It covers only "the contents of the written Mediation Statements, anything that happened or was said, any position taken, and any view of the merits of the case formed by any participant in connection with any mediation." *See* ADR LOCAL RULE 6-11(a).

[2] Given the nexus between the allegations in this case and the use of public funds, it is not clear whether *any* confidentiality designation is warranted for this settlement agreement. As one commentator has noted, "In the settlement context, the public has a particular interest in overseeing the receipt or expenditure of public funds." *See* Laurie Kratzky Dore, Secrecy by Consent: The Use and Limits of Confidentiality in the Pursuit of Settlement, 74 Notre Dame L.Rev. 283, 397 (1999). While the settlement at issue here does not directly involve the receipt or expenditure of public funds, it nonetheless relates to allegations of wrong-doing that, if true, may have increased the cost of publicly funded building projects. Thus, the public interest in this settlement is greater than it would be for the settlement of a purely private dispute.

Rules of Civil Procedure 26(c), no party or non-party is currently challenging a designation of "Confidential," and no party is currently seeking to file a copy of the settlement agreement in the court file. Thus, the court will not at this time give an advisory opinion with regard to whether or not protection under Rule 26(c) is warranted for this settlement agreement.

Dated: *4/26/10*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge