UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) <br> ) <br>     Plaintiff, ) <br> ) <br>  v. ) <br> ) <br> NORMAN WRIGHT MECHANICAL ) <br> EQUIP. CORP., et al., ) <br> ) <br>     Defendant. ) <br> _____ ) | Case No. C 04-2266 JW (PVT) <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL F. W. SPENCER & SON, INC. TO PRODUCE THE DOCUMENTS DEMANDED IN PLAINTIFFS REQUEST FOR PRODUCTION, SET 2** |

    On December 29, 2009, Plaintiffs filed a Motion to Compel F.W. Spencer & Son, Inc. to Produce the Documents Demanded in Plaintiffs Request for Production, Set 2. Defendant F.W. Spencer & Son, Inc. ("F.W. Spencer") opposed the motion. On March 29, 2010, the court issued an order vacating the hearing and deeming the motion submitted on the papers. Based on the moving, opposition and reply briefs submitted,

    IT IS HEREBY ORDERED that Plaintiffs' motion is DENIED. As Defendant F.W. Spencer points out, it was not obligated to respond to these document requests because the due date fell three days after the close of discovery. *See* CIV. L.R. 26-2 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown.").

    Plaintiffs claim in their reply brief that the responses were due by the November 20, 2009

close of discovery because they hand served the requests on F.W. Spencer on October 21, 2009. However, the "Amended Proof of Service" they submitted with their reply in support of that claim is *not* a proof of service for these document requests.[1] And the proof of service attached to the requests for production Plaintiffs submitted with their moving papers shows that only Robert H. Bunzel was served by hand delivery. (*See* Docket No. 1216.) Robert H. Bunzel is counsel for Norman Wright Mechanical Equipment Corporation ("Norman Wright"), *not* F.W. Spencer.

Because Plaintiffs served their Request for Production, Set 2 on F.W. Spencer by first class mail and email on October 21, 2009, the responses were not due until November 23, 2009. *See,* FED.R.CIV.PRO. 6(d) (extending by 3 days the time for responding when service is made by mail or email). Thus, the requests are unenforceable pursuant to this court's Local Rule 26-2.[2]

Moreover, even if Plaintiffs had timely served the requests, Plaintiffs' requests are vague, ambiguous and/or unintelligible.

For example, Request No. 25 asks for:

"Any 'Minority Contracting Joint ventures' list(s) in YOUR possession and control IDENTIFYING any name, address, and telephone number of any minority Contractors in joint ventures NORTHERN CALIFORNIA MARKET for the years 1998 through 2008 that YOU supplied mechanical products, including company name(s) and principal(s) of all minority contractors."

Aside from the fact that Request No. 25 makes little grammatical sense, the defined terms render it unintelligible. According to the "Definitions" section of this set of requests for documents, "YOU" or "YOUR" means:

"F.W. Spencer & Sons, Inc. –the entity to whom these Document Requests are addressed–*and* any of its joint-ventures including, but not limited to, joint ventures with Troy Reese, A Answer, and SLG, *and* the employees, former employees, agents, former agents, representatives, and former representatives who have knowledge responsive to the document demands Nos. 24 through 38" (emphasis added).

According to the "Definitions" section, "IDENTIFY," "IDENTIFIED" or "IDENTIFYING"

"requires *NSW* to produce the DOCUMENTS it has IDENTIFIED in response to

---

[1] It is a proof of service for two notices of deposition, a request for admissions, and a set of interrogatories, all of which were served April 9, 2009. (*See* Docket No. 1359.)

[2] Although Local Rule 26-2 allows for discovery that requires a response after the discovery cut-off, a party seeking such relief must obtain a court order on a showing of good cause. Plaintiffs never sought such an order, and in any event they have not shown good cause for excusing them from serving the requests so that a response was called for by the discovery cut-off.

Plaintiffs' Interrogatories, Set 4.  It also refers to DOCUMENTS that have been previously IDENTIFIED by the parties so that there should be no doubt as to what *NSW* is required to produce based on Magistrate Judge Trumbull's October 9, 2009 Order, Docket No. 1129" (emphasis added).

The term "NORTHERN CALIFORNIA MARKET" is defined as:

"the boundaries listed in the manufacturer's sales representative agreement with its sales representative.  It typically includes the San Francisco Bay Area, Sacramento/Reno and sometimes Fresno Valley Area.  It is the area in which the suppliers of a products effectively compete."

When Request No. 25 is read using the defined terms "YOU," "YOUR," "IDENTIFYING" and "NORTHERN CALIFORNIA MARKET," as the responding party must, the request is impermissibly vague, ambiguous and unintelligible.[3]

All of the other document requests in this set of requests contains one or more of the aforementioned defined terms, and are also thereby rendered impermissibly vague, ambiguous and/or unintelligible.  Thus, even if this set of document requests had been timely served, an order compelling production would not be warranted.

Dated: *4/30/10*

　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　PATRICIA V. TRUMBULL
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[3] A requirement that *NSW* (presumably short for Norman Wright) produce documents identified in its responses to interrogatories does not belong in a document request to *F.W. Spencer*, and at a minimum renders the entire request ambiguous.  Aside from that ambiguity, the reference to identifying minority contractors in joint ventures within the boundaries listed in some *unidentified* manufacturer's sales representative agreement creates further confusion and ambiguity.  And the use of the defined term YOUR to modify "possession and control" means that to be responsive to this request, a document would have to be in the possession and control of not only F.W. Spencer, but also at least one of its joint ventures *and* the "the employees, former employees, agents, former agents, representatives, and former representatives who have knowledge responsive to the document demands Nos. 24 through 38."