UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al.,) | Case No. C 04-2266 JW (PVT) |
| Plaintiff, ) | **ORDER DENYING NORMAN WRIGHT MECHANICAL EQUIPMENT CORPORATION'S MOTION TO SHIFT COSTS** |
| v. ) | |
| NORMAN WRIGHT MECHANICAL EQUIP. CORP., et al., ) | |
| Defendant. ) | |

On February 23, 2010, Defendant Norman Wright Mechanical Corporation ("Norman Wright") filed a Motion for an Order to Shift to Plaintiffs Costs of Unduly Burdensome Discovery. Plaintiffs opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that the motion is DENIED, because Norman Wright has not shown that an order shifting costs is warranted under the present circumstances.

Although Norman Wright stated the factors applicable to a motion to shift costs, it failed to brief several of those factors. At least three of those factors weigh against shifting costs: 1) the parties' respective resources; 2) the amount in controversy; and 3) the importance of the issues at stake in the action. *See* FED.R.CIV.PRO 26(b)(2)(C)(iii). Plaintiffs note, and Norman Wright does

ORDER, *page 1*

not dispute, that the parties' relative ability to bear the expense tips in favor of Plaintiffs in this motion. The court also deems the amount in controversy to weigh against cost shifting because Norman Wright failed to carry its burden[1] of showing the amount that is in dispute in this action. And important issues are at stake in this action because the alleged wrong-doing, if it occurred, may have increased the cost to taxpayers for publicly funded building projects.

Even weighing only the burden of production against the likely benefit of the discovery, Norman Wright has not shown that cost shifting is warranted. On the burden side of the equation, Norman Wright has not submitted any competent evidence of the amount of expenses it reasonably incurred in connection with the document productions at issue in this motion. The declaration it submitted is hearsay.[2] And even if the declaration were not hearsay, it provides no explanation of *why* it took 1,993 hours of employee time to locate the salesperson expense reports, 1,103 hours of employee time to locate the quotes, and 491 hours of employee time to run the salesperson gross profit reports.[3]

Norman Wright also fails to show that the hourly rates it paid employees to locate the documents were reasonable. For example, it appears that one employee who spent 145 hours locating documents was compensated at the rate of $95.70 per hour (the equivalent of an annual salary of over $200,000). Norman Wright fails to explain why it needed to pay someone such a high rate to locate documents. The only reasonable inference is that more than just locating documents was included in the work.

---

[1] *See, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) ("the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense'"); and *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 436, 437 (N.D.Cal. 2008) ("The moving party has the burden of showing a particular need for protection under Rule 26(c)").

[2] The declaration fails to show that the declarant, James Moore, has personal knowledge regarding the number of hours expended. He attests only that the statements in the declaration are based on his personal knowledge of "Norman Wright's accounting practices and records." He fails to state what, if any, basis he has for stating the amount of time purportedly spent by each unidentified employee to locate responsive documents. Nor does Norman Wright explain why it could not submit declarations under penalty of perjury from its employees attesting to how long it took to locate responsive documents, and why that amount of time was reasonably necessary. At a minimum, these omissions raise serious concerns regarding the accuracy of the time estimates.

[3] The 1.5 hours it took Norman Wright to produce the check registers and vender activity reports is insignificant, and clearly not an item for which cost shifting is warranted.

1    Norman Wright has also not shown why it was necessary to have its attorneys go through the
2 labor intensive process of reviewing and redacting the documents.  As discussed in this court's prior
3 orders, the stipulated protective order is sufficient to protect employee privacy, and redaction was
4 thus unnecessary.  (*See, e.g.* Docket No. 1207.)  As to the purported review for privilege, the
5 categories of documents being reviewed appear to be unlikely repositories for privileged material.
6 Norman Wright fails to explain why it would expect privileged communications to be mixed in with
7 its salesperson gross profit reports, salesperson expense reports, check registers, vendor payment
8 activity reports or quotes.  Thus, the costs incurred by Norman Wright for its counsel to review,
9 discuss[4] and redact the documents are not appropriate costs to shift to the requesting party.

10    The actual copying costs are a burden Norman Wright imposed on itself.  Nothing in Rule 34
11 of the Federal Rules of Civil Procedure authorizes a party to unilaterally decide to produce copies of
12 documents rather than allowing the requesting party to inspect and copy the original documents.
13 *See,* FED.R.CIV.PROC. 34(a)(1) (providing that any party may serve on any other party a request to
14 "to produce and permit *the requesting party or its representative* to inspect, copy, test, or sample the
15 following items in the responding party's possession, custody, or control..." (emphasis added)).
16 There is no evidence in the record that Plaintiffs requested or agreed that Norman Wright undertake
17 the burden of copying any of the responsive documents.  Moreover, had Plaintiffs been given the
18 opportunity to inspect the originals and make their own determination of which documents to copy,
19 the copying costs may well have been substantially less.[5]

20    On the benefit side of the burden/benefit equation, Norman Wright's arguments suffer from
21 several fallacies.  First and foremost, Norman Wright's obstructive tactics throughout the discovery
22 process made it reasonable for Plaintiffs to seek additional documentation to determine whether prior
23 document productions were complete (such as using check registers to determine if any checks were
24 missing from the production).  Second, the fact that relevant documents were not obtained in

---

[4]    (*See, e.g.,* Exhibit C to the Declaration of John F. McLean (Docket No. 1296), at p. 1, showing over $1,400 in attorneys fees incurred for a meeting regarding the document production.)

[5]    In this motion Norman Wright claims that most of the documents in this production are of no use to Plaintiffs.  If that is true, then presumably after reviewing the responsive documents Plaintiffs would have chosen to copy few, if any, of the documents.  Moreover, to the extent Plaintiffs needed the documents to cross-check prior productions, inspection alone may have sufficed.

response to discovery that *would* have turned up relevant documents if any existed is not by itself grounds for shifting the cost of the discovery. Third, the fact that a particular document does not contain all of the information necessary to prove a fact does not render the discovery "useless" if the document can be used as *part* of the evidence to prove the fact.[6] In any event, the test is based on a prospective analysis regarding the "likely" benefit of the discovery viewed as of the time the discovery request is propounded, not on an after-the-fact evaluation of the value of the documents actually discovered. *See* Rule 26(b)(2)(C)(iii) (allowing courts to limit discovery where "the burden or expense of the proposed discovery outweighs its *likely* benefit" (emphasis added)).

In sum, Norman Wright fails entirely to show: 1) that the expense it incurred was reasonably necessary to collect responsive documents and make them available for inspection and copying by Plaintiffs' counsel; and 2) even if the amount incurred was reasonably necessary, that the burden of the production compared with the likely benefit of the discovery warrants any cost shifting in light of the parties' respective resources, the amount in controversy, and the importance of the issues at stake in this action.

Dated: *5/18/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[6] For example, a quote may not disclose whether Norman Wright won or lost a particular bid. However, if other evidence shows Norman Wright won the bid, the amount of the quote may be relevant to the issue of whether or not the bid was anti-competitive.