UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORMAN WRIGHT MECHANICAL ) <br> EQUIP. CORP., et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. C 04-2266 JW (PVT) <br><br> **ORDER GRANTING DEFENDANT NORMAN WRIGHT'S MOTION FOR MONETARY SANCTIONS; AND** <br><br> **ORDER THAT PLAINTIFFS MAY OFFSET AMOUNT OF REASONABLE FEES INCURRED IN CONNECTION WITH CERTAIN PRIOR MOTIONS** |

On September 21, 2010, Plaintiffs and Defendant Norman Wright Mechanical Equipment Corporation ("Norman Wright") appeared for hearing on Norman Wright's Motion for Contempt Order and for Monetary Sanctions. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Norman Wright's motion for monetary sanctions is GRANTED in the amount of $13,688.75 against Plaintiffs and their counsel.

Federal Rules of Civil Procedure 37(b)(2)(A) provides that when a party fails to obey an order to provide discovery, the court may issue "further just orders," potentially including issue or evidence preclusion sanctions and even terminating sanctions. Rule 37(b)(2)(C) provides that, in addition to or instead of such sanctions,

> "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" (emphasis added.)

ORDER, *page 1*

This court's order directing Plaintiffs to produce the subject settlement agreements was filed February 26, 2010 (the "February 26, 2010 Order"). While the order did not set a date certain for the production, the lack of an express deadline for compliance does not relieve a party of its duty to comply with a court order. Absent a stay, a party must *promptly* comply with a court order, and failure to do so warrants a finding of contempt. *See Maness v. Meyers*, 419 U.S. 449, 458-59 (1975); *see also, In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987).

Further, the filing of an objection to a Magistrate Judge's order does not automatically stay that order. *See White v. Burt Enterprises*, 200 F.R.D. 641, 642-43 (D.Col. 2000); *see also* Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 3069 ("objection does not automatically render the magistrate judge's ruling invalid"). As another court has explained, "allowing the automatic stay of [a] magistrate [judge]'s orders would not only encourage the filing of frivolous appeals, but would grind the magistrate [judge] system to [a] halt." *See Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989).

As to the stay provision of Federal Rule of Appellate Procedure 41(d), by its express terms that stay applies only to an appellate court's mandate, *not* to the district court order which at issue in an appeal. Moreover, "[t]he effect of a stay of a mandate by the Court of Appeals is to continue the status quo." *See Algonquin Gas Transmission Co. v. Bernards Tp. in Somerset County*, 112 F.Supp. 86, 90 (D.C.N.J. 1953). Here, the "status quo" was that there was *no* stay of this court's February 26, 2010 Order.

With regard to redacting the documents, Plaintiffs were well aware that redacting documents which it had been ordered to produce would "defy a direct court order."[1] In agreeing with Plaintiffs that Norman Wright had not been entitled to redact its tax returns, this court stated in its order of December 11, 2009 order (docket no. 1206):

> "Once documents are compelled, absent express leave to redact a portion of the document (or agreement of the propounding party), the entire document must be produced. *See, e.g., Nolan, L.L.C. v. TDC Intern. Corp.*, 2007 WL 3408584 (E.D.Mich. 2007)."

---

[1] *See* Plaintiffs' Opposition to Norman Wright Mechanical Equiment's Motion for a Protective Order (docket no. 1185), 2:3-7 (also noting that "Nothing in the Court's order permits counsel for NSW to *redact* relevant information from NSW's tax returns to shield that information from Plaintiffs' counsel and their damage expert").

1  In light of Plaintiffs' prior briefing, and this court's express order confirming the impropriety of
2  redacting documents which have been ordered produced, Plaintiffs could not reasonably have
3  believed that they were substantially justified in redacting the settlement agreements when they first
4  produced them.

5      In sum, given the scant time needed to copy and mail a few settlement agreements, absent a
6  stay issued by either this court or District Judge Ware (or the Ninth Circuit), Plaintiffs were required
7  to produce the unredacted settlement agreements within a week or so after this court's February 26,
8  2010 Order was e-filed.  Plaintiffs failed to do so.  No stay of this court's February 26, 2010 Order
9  was ever granted.[2]  Plaintiffs' failure to comply with this court's February 26, 2010 Order for over
10  five months was without "substantial justification."  And Plaintiffs have not shown that "other
11  circumstances make an award of expenses unjust."  Monetary sanctions are thus mandated under
12  Rule 37(b)(2)(C).

13      Norman Wright submitted a declaration and documentation supporting its contention that
14  plaintiff's failure to comply with the February 26, 2010 Order caused it to incur $13,688.75 in
15  attorneys fees.  In their opposition papers, Plaintiffs did not challenge the reasonableness of the
16  amount of fees sought.  Thus, the court finds $13,688.75 to be an appropriate amount for the
17  monetary sanctions ordered herein.

18      IT IS FURTHER ORDERED that, notwithstanding the foregoing, Plaintiffs may offset from
19  the amount of sanctions ordered herein the amount of reasonable attorneys fees Plaintiffs incurred in
20  connection with: 1) drafting the moving papers for Plaintiffs' motion to compel obedience with prior
21  court orders, which was filed November 11, 2009; and 2) drafting the opposition papers for
22  Plaintiffs' opposition to the motion for protective order that Norman Wright filed on November 6,
23  2009.  (*See* order at docket no. 1206).  No later than October 11, 2010, Plaintiffs may file a
24  declaration setting forth the amount of fees so incurred, along with copies of the supporting billing

25  ———————————————

26      [2]    Pursuant to Paragraph 12.4 of the Stipulated Protective Order (docket no. 277) a partial stay did become operative when ARUP, North America ("Arup") filed a motion for protective order on
27  March 24, 2010.  However, that stay applied only to Plaintiffs' settlement agreement with Arup, and it expired when this court issued its order denying Arup's motion for protective order on April 26, 2010.
28  Thus, even as to the Arup settlement agreement, Plaintiffs' failure to comply with this court's February 26, 2010 Order during the two weeks before March 24, 2010, and during the three months after April 26, 2010, was without substantial justification.

1  records. No later than October 25, 2010, Norman Wright may file any objection to the amounts
2  claimed by Plaintiffs. If Norman Wright files such an objection, Plaintiffs may respond to the
3  objection within 14 days, after which the court will take the amount of the offset under submission
4  without further briefing or argument. If Norman Wright files no such objection, Plaintiffs shall pay
5  the sanctions ordered herein, less the amount of their offset, no later than November 2, 2010.

6       The court has reviewed Norman Wright's response to this court's December 11, 2010 order
7  to show cause. While Norman Wright claims its counsel's failure to review the tax returns before
8  responding to Plaintiffs' motion to compel was in good faith, the court finds that this argument is
9  without merit and thus does not constitute "substantial justification" for violating this court's order
10 compelling production of the tax returns.[3] It was incumbent on Norman Wright to inform its counsel
11 of the nature of the information generally contained in its tax returns *before* counsel drafted the
12 response to the document request. Further, Norman Wright has not shown that a review of a
13 reasonable sample of the documents would not have provided sufficient information for Norman
14 Wright to make its third party privacy assertions in its original response to the document request, in
15 the parties' meet and confer, and in opposition to Plaintiffs' original motion to compel. Such a
16 reasonable investigation prior to responding to the document request would thus have avoided
17 burdening Plaintiffs and the court with a second round of briefings on the same document request.
18 Dated: *9/21/10*

                                          *Patricia V. Trumbull*
                                          PATRICIA V. TRUMBULL
                                          United States Magistrate Judge

---

[3] The question here is not whether Norman Wright's position regarding third party privacy was substantially justified, it is whether Norman Wright was substantially justified in disobeying this court's order to produce the information based on an argument it had not raised in connection with Plaintiff's original motion to compel.