UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED MICROTHERM, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORMAN WRIGHT MECHANICAL ) <br> EQUIP. CORP., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. C 04-2266 JW (PVT) <br><br> **ORDER** RE **AMOUNT PLAINTIFFS MAY OFFSET FROM AMOUNT OF SANCTIONS AWARDED TO DEFENDANT NORMAN WRIGHT** |

On September 21, 2010, Plaintiffs and Defendant Norman Wright Mechanical Equipment Corporation ("Norman Wright") appeared for hearing on Norman Wright's Motion for Contempt Order and for Monetary Sanctions. Previously, on December 11, 2009, this court had issued an order to Norman Wright to show cause why it should not be required to reimburse Plaintiffs for the attorneys fees incurred in drafting the motion to compel compliance with this court's prior order, and the opposition to Norman Wright's motion for protective order (the "OSC"). Norman Wright filed a timely response to the OSC. On September 22, 2010, this court entered an order granting Norman Wright's motion for sanctions, but also providing for an offset for sanctions the court was planning to award Plaintiffs based on its finding that Norman Wright had not shown "substantial justification" for violating this court's prior order compelling it to produce certain tax returns. The court also set deadlines for Plaintiffs to submit a declaration setting forth the amount of fees they claim should be

ORDER, *page 1*

included in the offset, along with copies of the supporting billing records, and for Norman Wright to file any objections to the amounts claimed by Plaintiffs. Plaintiffs timely submitted responsive declarations and supporting billing references.[1] Norman Wright timely filed objections. Based on the foregoing and the file herein,

IT IS HEREBY ORDERED that Plaintiffs may offset against the $13,688.75 in sanctions awarded to Norman Wright the amount of $3,475.00, leaving a net amount due to Norman Wright of $10,213.75.

Federal Rules of Civil Procedure 37(b)(2)(A) provides that when a party fails to obey an order to provide discovery, the court may issue "further just orders," potentially including issue or evidence preclusion sanctions and even terminating sanctions. Rule 37(b)(2)(C) provides that, in addition to or instead of such sanctions,

> "the court ***must*** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added.)

In its September 22, 2010 Order, the court found Norman Wright's violation of this court's order compelling production of tax returns was not substantially justified. The court also finds that Norman Wright has not shown that the circumstances would make an award of expenses unjust.[2] Thus, the only issue remaining before the court is the amount of reasonable attorneys fees the court must order Norman Wright to pay Plaintiffs pursuant to Rule 37(b)(2)(C).

The court sustains most of Norman Wright's objections to the amounts claimed by Plaintiffs. The court finds $3,475.00 to be the reasonable amount of attorneys fees incurred by Plaintiffs for drafting both the motion to compel compliance with this court's prior order and the opposition to

---

[1] The court deems the declarations filed on October 12, 2010 to be timely because October 11, 2010 was a federal holiday.

[2] As noted in the court's September 22, 2010 Order, the issue was not about Norman Wright's position with regard to third party privacy. The issue was about Norman Wright's failure to include any objection based on third party privacy in its opposition to the original motion to compel the tax returns. Norman Wright's unwise decision to oppose the motion to compel without doing *any* reasonable investigation into what kind of information was contained in the documents is what led to the later round of briefing. It is not unjust to require Norman Wright to cover the reasonable cost of a round of briefing that should never have been necessary.

Norman Wright's motion for protective order. The court calculated this amount by multiplying 13.9 hours times $250 per hour. The hourly rate is based on Patrick Sacco's hourly rate, because all the pertinent briefing easily could have been done by an attorney of his level of experience. *See, e.g., Bonner v. Fuji*, 2008 WL 410260 (N.D.Cal. 2008) (noting that certain fees requested were "substantially inflated because their counsel refused to delegate even the most menial tasks to associates"). The court has excluded work that was not even arguably related to drafting the two briefs covered by the OSC. Specifically, the court excluded 2 hours of Mr. Sacco's time,[3] 13.2 hours of Mr. Brasso's time[4] and the entire 2.2 hours of Mr. Alioto's time.[5]

To the extent Norman Wright objects to the offset on the grounds that Plaintiffs never requested an award of fees, the objection is overruled. The fee shifting provision of Rule 37(b)(2)(C) is mandatory unless the violation of the court's order was substantially justified or other circumstances would make an award of expenses unjust. Moreover, the Supreme Court has noted that courts "generally may act *sua sponte* in imposing sanctions under the Rules." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 at n. 8 (1991).

Dated:   *11/29/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] Two hours is an estimate of the amount of time Mr. Sacco spent drafting the unsuccessful motion to shorten time. That motion was not included in the OSC.

[4] Neither Mr. Brasso's review of Norman Wright's response brief, his review of documents produced by Norman Wright, his review of Norman Wright's response to the OSC, nor his drafting of an unauthorized reply brief were included in the OSC.

[5] Plaintiffs have not shown why consultation with Mr. Alioto was reasonably necessary to draft the briefs covered by the OSC. In fact, Mr. Alioto's declaration does not even state that his conference with Mr. Brasso related to those briefs. It states only that on November 9, 2010, when Plaintiffs filed their motion to compel obedience, he conferred with Mr. Brasso. This indicates the timing of the conference, but not the subject matter of the conference. Moreover, Mr. Brasso's billing entry for November 9, 2010 does not reference any conference with Mr. Alioto that day, suggesting any such conference was not related to the work on this case he billed that day.